tain statutes there must be several judgments ; and if this record satisfied the statute, it appeared to him to be sufficient *Salk.* 700. 2 *Ld. Raym.* 775 ) The *ca. sa.* need not be made returnable the term after it issued, the object being to give time for payment of the debt, &c. and the reason therefore ceasing. It was otherwise, he believed, on *mesne process;* but this showed that the reason of the thing was to be considered, and they would apply the common law reason as far as it enabled them to go in due execution of the statute. That was his view of the case, and having waited to see whether others, whose minds were more enlightened on the subject than his own. concurred with him, he was now prepared to r. commend to their Lordships to decide that there was no error on this record."

UTICA,
Aug. 1824.

Stewart
v.
Atkins.

---

## Stewart *against* Atkins.

The *capias ad respondendum,* on which the defendant endorsed his appearance, was signed by *O. M. Willey,* attorney ; and the notice of the rule to plead, endorsed upon the declaration, was signed by the same attorney, and served personally on the defendant, who retained an attorney, who wrote and inquired of his agent whether any rule to plead had been actually entered, and received for answer that there had not. He, therefore, omitted to plead, and the plaintiff took judgment by default. On further search, it turned out that the rule to plead was entered in the name of *Hastings & Willey,* who were partners, but whose business was done in the name of *Willey,* as attorney. The mistake, therefore, arose from the search being made in common rule book (W) instead of (H).

*A. Samson,* moved to set aside the proceedings for irregularity.

*C. P. Kirkland,* contra.

*Curia.* For the reason, alone, that the defendant has been misled by this proceeding, we set aside the default, without costs.

Rule accordingly.

H & W, attorneys, being partners, issued a *cap. ad. resp.* on which the defendant endorsed his appearance, in the name of *W,* as attorney, filed a declaration, and entered a rule to plead as on the motion of H & W, and gave notice thereof in the name of *W.* The defendant's attorney searched the common rule book ( W ) found no rule entered, and neglected to plead, the rule being entered in rule book (*H,*) and a default was, therefore, entered, for want of a plea ; and because the defendant was misled, the court set aside the default, without costs.