## JOHN H. HARDISON *vs.* STEAM BOAT "CUMBERLAND VALLEY."

1. Circuit courts, and the "St. Louis court of Common Pleas," have power to *affirm* the judgments of justices of the peace on appeal.

2. If a party who appeals from the judgment of a justice of the peace in St. Louis county to the court of Common Pleas, fails to pay to the clerk the jury fee as required by the act approved 29th January 1847, the court may declare that the judgment of the justice shall be affirmed upon the appellee's filing a proper transcript and paying the fee.

ERROR TO ST. LOUIS COURT OF COMMON PLEAS.

GARESCHE for plaintiff.

It is alleged that the court below erred as follows :

1st. In overruling the first motion of the plaintiff to set aside the affirmance of the judgment, the reasons therein stated and facts set forth in the affidavit, filed in support of the motion being sufficient and valid in law, the act of gen. session of 1847 page 68 is intended only to promote the payment of jurors, and when the payment of the fee required by that act was omitted by mistake, and altered immediately upon discovery of such mistake, it was error in the court to refuse trial in the case upon its merits in consequence of such omission.

The set off filed in the justice's court exceeds the jurisdiction of the justice of the peace; the matter therefore, upon which the judgment of the court below was founded, was never properly before said court. See Rev. Stat. 1845, page 643, sec. 13 ; also the case of Robinett vs. ——9th Mo. Rep. 246.

The set off claimed by the defendant is due to a person other than the defendant. Mutual debts only may be set off. See Rev. Stat. 1845, page 1005, sec. 1. They must be due in the same right; demands can only be set off between parties in the character in which they are sued. The set off contained a claim for liquidated damages. See Alexander vs. Hayden, 2d Mo. Rep. 229.

2nd That the court erred in overruling the second motion of plaintiff to set aside the judgment, for reasons above stated.

HUDSON for defendant.

1. The plaintiff by his own affidavit filed in the court below, shows that he had not complied with the statute, and his case was not properly in court See Sess. acts, 1847, page 68.

2d. That by the practice in the court of common pleas, (which has been sanctioned in this court) when the appellant from the judgment of a justice fails to file a transcript as required by the statute, the appellee may bring into court a transcript, and by paying the jury fee, &c. have the judgment of the justice affirmed; this was done in the case now under consideration.

3d. This court should not look into the transcript of the proceedings before the justice. The only question now to be considered is whether the plaintiff took all necessary and proper steps to perfect his appeal ; if he did not, then the court of common pleas did right in affirming the judgment of the justice.

4th. The setting aside of the judgment below, was a matter left to the discretion of the court, and the exercise of that discretion should not be disturbed, unless grossly abused.

RYLAND, Judge, delivered the opinion of the court:

John H. Hardison, the plaintiff in error, sued the steamboat Cumberland Valley, before a Justice of the peace, in Saint Louis county for work and labor done and for materials furnished said boat. The account of the plaintiff amounted to sixty one dollars.

JOHN H. HARDISON vs. STEAM BOAT CUMBERLAND VALLEY."

The following set off was filed before the Justice, (against the plaintiff) viz.

JOHN H. HARDISON,
               To A. BENNETT,              Dr.

| | |
|---|---:|
| To use of steamboat Cumberland Valley, and the great wreck pump 16 hours to pump the Light-Foot at $4 per hour | $ 64 00 |
| A pair of Blocks and Falls | 10 00 |
| Tools in clearing out Light-Foot | 2 00 |
| Damage in not fulfilling contract in caulking C. Valley | 30 00 |
| | $106 00. |

The suit was tried before the justice on the 19 December 1848 : Upon the plaintiff's request, a jury was empannelled, who after hearing the evidence, returned their verdict in favor of the defendant for the sum of $64. The plaintiff on the 26 of December following, filed his affidavit for an appeal, which was allowed him, and the justice certified the transcript on the 19 January 1849.

From the record of the proceedings of the court of common pleas, I find, that on the 26 day of February 1849 the following order was made in this case. "Now at this day comes the defendant, by his attorney, and files a transcript of the record and proceedings had herein before the justice, and on his motion it appearing to the court, that said plaintiff has failed to prosecute his appeal, by the payment of the jury fee, by the statute in such case required. It is considered by the court, that the judgment herein as rendered by the justice be affirmed, and that said defendant recover of said plaintiff, and Terry M. Little the security in the appeal bond, the sum of sixty four dollars, for its debt, and also its costs and charges herein expended, and have thereof execution."

After the affirmance of the judgment by the common pleas, the plaintiff on the 28th of February 1849, filed the following motion to set aside said affirmance, viz. The plaintiff, by A. P. and P. B. Garesche, comes and moves the court to set aside the judgment in this case, for the following reasons.

1st. That the plaintiff was surprised thereby, for reasons set in affidavit herewith filed.

2nd. That the demand of set off in the court below exceeded the jurisdiction of the justice.

3rd. That the judgment is otherwise defective, illegal and void. The following is the affidavit:

The plaintiff John H. Hardison in the above entitled cause comes, and in support of his motion filed herein by his attornies, Garesche, praying the court to set aside its judgment (viz) that the judgment of the justice be affirmed, and grant him a new trial, alleges as follows : that he is greatly surprised by the judgment, he having used due deligence and spared as he supposed, no effort to secure a rehearing before your Hon. court—that being injured, by the judgment of the justice and greatly aggrieved, not for the purpose of delay or vexation but with the sincere desire to seek redress, he appealed to your honorable court, that he did so acting under the advise of his counsel, learned in the law, that he had just legal and equitable defence.    Your affiant further declares that he went to the justice before whom the cause was tried ; he enquired what costs were necessary to be paid in order to enable him to carry his appeal to the upper court, and that the justice's reply that one dollar and a quarter would suffice, he paid that sum to the justice, in the belief, that it was all that was required.    That being afterwards advised by a friend, that a jury fee would be required to be paid before his appeal would be perfected, he said that he had paid it, meaning the one to the justice and ignorant that any other was required; yet desirsou to be safe, he consulted one of his counsels, P. B. Garesche, whether such a fee was due, who in reply, asked of plaintiff if he had not paid the justice all costs necessary to take the appeal; plaintiff replied that he had, and counsel then advised him that nothing more was required of him ; that counsel were looking for the case and could not know where it was, that it had not been set, this was on the 22nd day of February A. D. 1849; plaintiff then relied on counsels declarations, and though desirous to do all in his power, and having done all in his power to procure and perfect his appeal, finds himself frustrated, because as he is informed and believes your honorable court has affirmed the judgment of the justice.

JOHN H. HARDISON."

Which was regularly sworn to before the clerk of said court.    The court of common pleas overruled this motion, and the plaintiff excepted. The plaintiff then filed his second motion, praying the court to set aside its judgment affirming the judgment of the justice and assigned the following reasons.

1st.    That the justice had not jurisdiction of the set off made by the defendant to the plaintiffs demand.

2nd.    That the set off claimed by defendant is due to a person other than defendant.

3rd.    That it is for an amount exceeding jurisdiction of justice.

4th. That the judgment of the justice is otherwise illegal, irregular and void.

Which said second motion was likewise overruled, and by plaintiff excepted to.

From the above statement it is plainly to be seen, that the only questions properly before this court for adjudication are—was the court of common pleas authorised to affirm the judgment of the justice of the peace?

And did it exercise soundly its discretion in overruling the plaintiff's motion to set aside its judgment in affirmance?

These questions do not extend to any irregularities, errors, or imperfections in the proceedings before the justice of the peace, if any such there be. This court cannot go beyond the action of the common pleas in affirming the judgment and in refusing to set its own judgment of affirmance aside. For the proper understanding of these questions, recourse must be had to the statute of the State: The 23 section of the 8th article of the act concerning "Justices' courts" reads thus : "In all cases of appeals from a justice's court, if the judgment of the justice be *affirmed* or if on trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his securities in his recognizance for the appeal."

I am unwilling to say, that the court of common pleas has no authority to affirm the judgments of justices of the peace : that court having the same power and authority in cases of appeals from justices of the peace in Saint Louis county as the circuit courts have in the State at large. In the section above quoted, it is plain to be seen that the legislature supposed the circuit courts had power to affirm such judgment. I shall answer then the first question in the affirmative, believing that the power to affirm the judgments of the justice of the peace on appeals is in the circuit courts, and also in the court of common pleas in Saint Louis county, and whenever such power appears to have been soundly exercised, I am not willing to disturb the judgments of these courts.

The 3rd section of the act to promote the payment of jurors in Saint Louis county, approved January 29, 1847, declares that "on the filing of every declaration, petition in debt, bill in chancery or other original statement of cause either in law or equity in Saint Louis circuit court, or court of common pleas, the sum of two dollars shall be paid to the clerk of the court as a jury fee ; also on the filing of any appeal from a justice of the peace to either of said courts, the clerk shall receive from the appellant one dollar as a jury fee." This statute makes it the duty

of the clerks of these courts to certify, on the first Monday in each month to the county treasurer, the amount received, stating particularly the source, whence derived and to pay over to him the amount of money thus received. These courts then may fix their rules, require the payment of the one dollar to be made to their respective clerks, by the appellant, on every appeal from a justice of the peace; and in default of such payment, may, upon the appellee's filing such transcript and paying the dollar as required, declare, that the judgment of the justice shall be affirmed. From the record of the proceedings in this case, it is clear, that the jury fee of $1,00 was not paid to the clerk of the court of common pleas by the appellant; the only excuse offered to that court for the failure to pay this fee amounts to nothing more than the party's ignorance or neglect. The court of common pleas commences its session on the first Monday in February; the transcript was made out by the justice of the peace on the 19th of January previous; on the 26th of February the appellee files a transcript of the proceedings before the justice, and moves to have the judgment below affirmed.

The appellant stands by idle, from the first of February, until near the last day of that month; and excuses himself by stating that he was looking for his case but could see nothing of it!

This case is one which addressed itself to the sound discretion of the court of common pleas. That court is fully competent to look into the circumstances which surrounded it, and to decide upon them as justice and law required, and having done so, I am not disposed to disturb its judgment. The judgment is affirmed, my brother judges concurring herein.