GEORGE J. DAVIS, Respondent, v. HENRY MILLER, Appellant.

St. Louis Court of Appeals, April 2, 1889.

**Justices' Courts:** APPEAL: FAILURE TO PROSECUTE. On appeal from a justice of the peace to the circuit court in the city of St. Louis, the appellant's failure to pay the filing fee of one dollar, as required by Revised Statutes, page 1506, section 17, is a failure to prosecute the appeal ; and at the return term of the appeal, the respondent may present the transcript, pay the filing fee, and have the judgment affirmed for failure to prosecute the apppeal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John J. O'Connor*, for the appellant.

The circuit court erred in affirming the judgment of the justice on the motion of respondent, for the failure of appellant to give notice of appeal and pay filing fee. Appellant was not bound to give notice of the appeal prior to ten days before the first day of the second term, to which the appeal was returnable. R. S., secs. 3056, 3057. Nor could the court affirm the judgment of the justice simply on a motion for the failure of appellant to pay the filing fee prior to ten days before the second term to which the appeal was returnable. *Priest v. Railroad*, 85 Mo. 523, and cases therein cited. On an appeal from a justice, the judgment of the justice can not be affirmed at the first term in the circuit court, to which the appeal is returnable, but if a judgment is had at the first term, it can only be had on a trial *de novo.* *Dooley v. Railroad*, 83 Mo. 103.

*Davis & Davis*, for the respondent.

The judgment was properly affirmed. *Wilson v. Ryan*, 15 Mo. App. 597.

BIGGS, J., delivered the opinion of the court.

On the second of June, 1888, plaintiff recovered judgment against the defendant before a justice of the peace in the city of St. Louis. On the eleventh day of June, defendant filed an affidavit and appeal bond, and an appeal was allowed defendant to the circuit court of the city of St. Louis. By section 17, Revised Statutes, page 1506, a filing fee of one dollar (known as the judge's fee) was required to be paid by defendant to the clerk of the circuit court, before the clerk was authorized to file the transcript. This law is only applicable to the circuit court of the city of St. Louis. The appeal in this case was returnable to the October term, 1888, and on the ninth day of October, 1888, and during the October term of said court, the transcript was filed. On the following day, on motion of the plaintiff's attorneys, the judgment of the justice was affirmed for want of prosecution. The record does not show who filed the transcript, nor does it show wherein defendant had failed to prosecute his appeal. It is only from the briefs of counsel that we know anything of these matters. It seems to be conceded by counsel on both sides that the transcript was filed by the plaintiff, and that the judgment of the justice was affirmed on account of the failure of defendant to pay the clerk of the circuit court the filing or judge's fee, as required by the statute. The record shows that within four days after the judgment of affirmance was entered, defendant filed his motion to set aside the judgment and that this motion was overruled by the court. The record also shows that a bill of exceptions was filed by defendant, but it is not copied into the record.

Davis v. Miller.

By an order of this court, the clerk of the circuit court has sent up the bill of exceptions filed in the case by which it appears that defendant excepted to the action of the court in overruling the motion to set aside the judgment of affirmance, and we will so consider it, in passing on the question. Sess. Acts, 1883, p. 124.

Section 3054, Revised Statutes, provides, that "all appeals, allowed ten days before the first day of the succeeding term of the appellate court, shall be determined at that term, unless continued for cause." Section 1000, Revised Statutes, provides, that "when an appeal from a justice of the peace or county or probate court is not prosecuted by appellant, according to law, the judgment shall be affirmed."

The failure by appellant to pay the filing fee, as provided by said section 17, *supra*, is a failure by appellant to prosecute his appeal according to law, and, at the return term of the appeal, the respondent may present the transcript, pay the filing fee, and have the judgment affirmed for want of prosecution. This is the construction placed on the statute, both by this and the supreme court. *Wilson v. Ryan*, 15 Mo. App. 597 ; *Donzelot v. Tillotson*, 8 Mo. App. 565 ; *Hardison v. Steamboat*, 13 Mo. 226.

Counsel for appellant argues that the doctrine of these decisions is in conflict with the law as declared by the supreme court in the case of *Priest v. Railroad*, 85 Mo. 521. "That reading all of the sections of the statute on the subject of appeals, there cannot be, under any circumstances, a mere affirmance of a judgment at the first term after the appeal. That the only possible remedy, that appellee could have, would be a trial on the merits, and that this could only be done when the cause stood for trial at that term, or could be tried at the option of the appellee."

The cases of *Priest v. Railroad*, and *Berry v. Trust Co.*, 75 Mo. 430, have been expressly overruled by *Holloman v. Railroad*, 92 Mo. 284. The court in the *Holloman case* said: "In view of the conditions of the appeal bond, and section 1000, Revised Statutes, that the appellant's right to have the case tried anew was conditional upon the fact that he was not in default."

It follows that the judgment of the circuit court must be affirmed.