JAMES JOHNSON, Appellant, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, March 22, 1892.

Justices' Courts : AFFIRMANCE FOR FAILURE OF APPELLANT TO PAY FILING FEE. If the circuit court of the city of St. Louis affirms the judgment of a justice of the peace owing to the failure of the appellant from the judgment to pay the filing fee prescribed by section 17 of the act establishing that court, the affirmance may and, indeed, should be set aside by that court upon due application showing sufficient excuse for the non-payment. And *held*, that sufficient excuse was shown in this cause.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*John J. O'Connor*, for appellant.

*H. S. Priest* and *H. G. Herbel*, for respondent.

ROMBAUER, P. J.—The facts of this case, as far as they have any bearing upon the point in controversy, are as follows:

The plaintiff recovered a judgment before a justice against the defendant on August 25, 1891. On the same day the defendant filed its affidavit and bond and appealed to the circuit court. This appeal was returnable to the October term of the court. The justice delivered the transcript in due time to the clerk of said court, without paying the filing fee as provided by section 17 of the act establishing the St. Louis circuit court (R. S. 1889, p. 2148), and the clerk did not docket the case, but placed it in a pigeon hole, known as the dead box. The plaintiff paid the filing fee, obtained the papers from the clerk, produced them in court and obtained an affirmance of the judgment on October 7, 1891. On the tenth day of October, 1891, the defendant filed a motion to set aside the affirmance, and alleged the following grounds among others for said motion: *First.* That the defendant had a running account with the circuit clerk, and an understanding with him of many years' standing, whereby the clerk filed all transcripts in cases appealed by the defendant from justices, as soon as delivered to him, charging the defendant with the filing fee on the debit side of the running account; that this was not done in the present case, owing to the fact that the transcript was delivered by the messenger of the justice to one of the clerk's deputies who did not know of the arrangement. *Second.* That the plaintiff failed to notify the defendant in conformity with the rules of the court of the filing of the motion. The court thereupon set aside the affirmance upon terms, the plaintiff excepting, and, upon the defendant complying

with such terms, reinstated the appeal. The case thereafter came up for hearing in its regular order, and, the plaintiff not appearing, it was dismissed for want of prosecution on December 5, 1891. On the same day the plaintiff moved the court to set aside the dismissal and reinstate the judgment of affirmance on the ground that the vacation of the order of affirmance was erroneous, and that the court under the facts of the case had no jurisdiction to enter any other judgment than one of affirmance. This motion being overruled, the plaintiff brings the case by appeal to this court.

The plaintiff relies upon the case of *Crosby v. Clary*, 43 Mo. App. 222, where the Kansas City Court of Appeals decided that, when the appeal from a justice is not taken on the same day when the judgment is rendered, the appellant is bound to give notice of appeal as provided by statute, and, if he fails to do so before the second term, and the appellee neither enters his appearance nor does any act waiving such notice, the circuit court has no jurisdiction of the appeal for any other purpose than that of affirming the judgment or dismissing the appeal. Since the statute expressly provides "that if the appellant shall fail to give such notice at least ten days before the second day of the term of the appellate court, after the appeal is taken, *the judgment shall be affirmed, or the appeal dismissed* at the option of the appellee," it is apparent that the decision of the court in that case was correct, and its result unavoidable. But we cannot see what bearing that case has on the present controversy. Here the statute requires a certain filing fee to be paid to the clerk upon filing a transcript, and his failure to do so is evidence of a failure to prosecute the appeal, and a matter that in no way affects the jurisdiction of the circuit court. All the cases which appellant cites, concluding with the case of *Davis v. Miller*, 35 Mo. App. 255, go no further than to hold that the circuit court is warranted in affirming the appeal for failure to prosecute it, where

such filing fee is not paid. There is not one case holding that the court cannot inquire into the facts, and ascertain whether the failure to pay the filing fee in any particular case was the result of negligence or not. The failure to prosecute an appeal, as Judge NAPTON says in *Westpheling v. Enright*, 60 Mo. 281, "must be established in accordance with the usual rules that govern the degree of diligence to be observed in legal proceedings."

So far from it being the imperative duty of the circuit court to affirm a judgment for failure to pay this filing fee, we have only recently decided in *Vastine v. Bailey*, 46 Mo. App. 413, that, where a sufficient excuse is shown for failure to pay it, it is the duty of the circuit court to set aside a judgment of affirmance, based upon this alleged failure. The exercise of this power to affirm or to vacate an affirmance addresses itself to the sound discretion of the court, and is subject to review as every other judicial discretion is, when plainly abused. Now, there is nothing in the facts of the case at bar showing that the court plainly violated its judicial discretion in vacating its judgment of affirmance. The facts shown are substantially the same as those in the *Vastine case*, where we held that the court had plainly abused its judicial discretion in *not* vacating the affirmance. No negligence on the part of the appellant is shown in not paying the filing fee in cash, when it had every reason to suppose that the clerk would consider it paid by debiting the defendant with the amount in his account with the defendant.

Moreover, it does not appear whether the affirmance was not had in the absence of a notice required by the rules of the circuit court. That it was so had is alleged in the defendant's motion to vacate the affirmance. "The authority of the court to adopt any rule of practice not in conflict with the law cannot be questioned." *Brooks v. Boswell*, 34 Mo. 474. As the rule in question is not before us, and as we cannot take judicial notice

of the rules of that court, for all that appears the judgment might have been vacated because obtained contrary to the rules of the court.

In whatever light, therefore, we view the action of the circuit court, no error appears therein warranting the disturbance of its judgment. Judgment affirmed. All concur.