## ASHTON v. DASHAWAY ASSOCIATION et al.

### No. 14,304; June 9, 1893.

#### 33 Pac. 446.

**Dismissal of Case—Motion to Vacate.**—Where an attorney appears in court five minutes after the dismissal of the cause and rendition of judgment against his client because of the absence of both attorney and client when the case was called for trial, it is not an abuse of discretion for the court, on motion supported by a sufficient affidavit, to vacate the order of dismissal and judgment, and restore the cause to the calendar.[1]

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by Charles Ashton against the Dashaway Association and others. The case was dismissed and judgment ren-

---

[1] **Cited** with approval in Cabonne v. Macadoras, 91 Mo. App. 74, a case where it is held to be not necessarily an abuse of discretion on the part of a trial court to open up a default judgment, even where no full showing of facts is made constituting a meritorious defense.

dered against plaintiff, because of the absence of both himself and his attorney when the case was called for trial. From an order setting aside the order of dismissal and vacating the judgment, defendants appeal. Affirmed.

Tilden & Tilden for appellants; S. Heydenfeldt, Jr., and Jos. P. Kelly for respondent.

SEARLS, C.—This is an appeal from an order of the superior court, setting aside an order of dismissal and vacating a judgment. The cause had been set down for trial on the fifteenth day of October, 1890, but a hearing had been delayed from day to day by reason of other causes on the calendar having precedence, until the morning of October 23d, when it was called for trial at five minutes after 10 A. M., and, neither plaintiff nor his attorney being present, the cause was dismissed, and a judgment was entered on the same day in favor of defendant. Within five minutes after the order of dismissal was entered, the attorney for plaintiff appeared in court, and at once applied to the court on an affidavit and notice for an order shortening the time of notice, which was granted, and a motion to vacate the order and restore the cause to the calendar was noticed for the following day. The court vacated the order of dismissal and restored the cause to the calendar. The notice of motion and affidavit on the part of plaintiff was accompanied by a transcript on appeal to the supreme court in the same cause after a former trial, stipulated to be correct, and which contained a sufficient showing of merits. The affidavit accompanying the notice of motion bears evidence of the haste with which it was probably prepared, and is not to be commended as a model in like cases. It is, however, taken with the other papers in the case, and viewed in the light of the surrounding circumstances, sufficient to authorize us to say that the court below was not guilty of an abuse of discretion in setting aside and vacating the order of dismissal and the judgment thereon. A delay of five minutes in reaching court does not raise a very strong presumption of negligence, and in many places and in numerous courts, owing to the habits and practices of the court as to punctuality, as well as of attorneys and litigants, could hardly be regarded as negligence. Of all these things the

court below is the more competent to determine, and the wide discretion confided to the nisi prius courts in such cases is wisely bestowed. There may be said to be parallel lines, limiting the discretion of courts, acting between which their decisions will be sustained whether one way or the other; and when a court acts in a matter in which such discretion is vouchsafed to it, its order may well be affirmed. In other words, the appellate court, in such cases, does not determine whether it would decide the matter in the same way on the same showing, but only whether the court below has overstepped the legal bounds of its discretionary power. The order appealed from should be affirmed.

We concur: Haynes, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.