F. M. KIDDER, Appellant, v. FREEMAN WRIGHT, Respondent.

St. Louis Court of Appeals, November 23, 1897.

Appeal: ORDER SETTING ASIDE JUDGMENT OF AFFIRMANCE. An order setting aside a judgment of affirmance, on appeal from a justice's court to the circuit court, is not such an order as can be appealed from.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

APPEAL DISMISSED.

*Adiel Sherwood* for appellant.

It was mandatory on the circuit court to affirm the judgment of the justice when the first term had elapsed and no notice had been served ten days prior to the beginning of the second term. R. S. 1889, sec. 6344. Not only this, but the court has no jurisdiction to do other than that section of the statute (R. S. 1879, sec. 3057) requires.

The appellee is brought in by the notice of appeal, which in this proceeding is equivalent to a summons to appear in the circuit court, and the appeal is not perfected without the notice. *Cooksey v. R'y*, 17 Mo. App. 132, 139; *Wolff v. Coffin*, 46 *Id.* 192; *Holloman v. R'y*, 92 Mo. 287; *Crosby v. Clary*, 43 Mo. App. 226. See, also, *Page v. R'y*, 61 Mo. 79.

Defendant is not aided by having presented a notice to Mr. Hopkins for waiver after the time within

which it could have been legally served. *Brownsville v. Rembert*, 63 Mo. 393.

Courts will take judicial notice of what ought to be generally known within the limits of their jurisdiction. *Kilpatrick v. Com*, 31 Pa. St. 211; 1 Greenleaf, Ev., sec. 6; *Holmes v. Kring*, 93 Mo. 456. See, also, *Jarvis v. Robinson*, 21 Wis. 526; *Tucker v. State*, 11 Md. 322; *Rodgers v. State*, 50 Ala. 102; *Newell v. Newton*, 10 Pick. 472; *Oliver v. Palmer*, 11 G. & J. 440; *Contee v. Pratt*, 9 Md. 73; *Walcott v. Wells*, 21 Nev. 47; *Holmes v. Harrington*, 20 Mo. App. 668.

*Seymour D. Thompson* and *Nathan Frank* for respondent.

The court had power to set aside its judgment of affirmance, the term not having elapsed. *Scott v. Smith*, 133 Mo. 618–622, 623, and citations. See, also, *In re Mafield*, 17 Mo. App. 684, 689, 690; *Fannon v. Plummer*, 30 *Id*. 25–28; *Anderson v. Perkins*, 52 *Id*. 527–529; *McLaran v. Wilhelm*, 50 *Id*. 658, 662; *Martin v. Tobacco Co.*, 53 *Id*. 665; *Carr v. Dawes*, 46 *Id*. 598–600.

The court exercised its power providently and justly in setting aside the judgment of affirmance in this case. Cases cited, *supra*.

Plaintiff had the power to waive notice of the appeal, and did waive it. *Grimm v. Land Co.*, 55 Mo. App. 457; *Page v. R'y*, 61 Mo. 78; case of *Uhrig Brewing Co.*, 11 Mo. App. 387. That this waiver may be made by the attorney of the party upon whom notice is properly served, under the statute, is beyond question. *Cella v. Schnairs*, 42 Mo. App. 316; *Coal Co. v. Car Co.*, 48 *Id*. 578, 581.

The attorney upon whom the notice must be served, under the statute, is the attorney who represented ap-

pellee at the trial before the justice. *Ellis v. Keyes*, 47 Mo. App. 155; *Byrd v. Steele*, 49 Mo. App. 419, 423.

BLAND, P. J.—Suit on promissory note for $500, before a justice of the peace, trial and judgment for plaintiff. Subsequent to day on which judgment was rendered, an appeal was taken to the circuit court. At the second term of the circuit court after appeal was taken and on February 2, 1897, the judgment of the justice was affirmed on motion of the plaintiff for failure of the defendant to give notice of appeal as required by section 6342, Revised Statutes 1889. Motion to set aside the judgment was filed and sustained and the cause set down for trial on its merits. From this order the plaintiff, Kidder, appealed.

No trial of the cause was had in the circuit court, and hence there could have been no order granting a new trial, and none was made. The order setting aside the judgment is not such an order as can be appealed from. *Crossland v. Admire*, 118 Mo. 89; *Schworer v. Christophel*, 64 Mo. App. 81. The plaintiff to obtain a review of the action of the trial court should have saved his exceptions, refused to further prosecute his suit and suffered a dismissal of his suit for want of prosecution, and then brought his case here by appeal. *Johnson v. R. R.*, 48 Mo. App. 630. The appeal not being authorized by law is dismissed. All concur.

APPEAL: order setting aside judgment of affirmance.