L. D. CABANNE, Appellant, v. J. D. MACADARAS et al., Respondents.

**St. Louis Court of Appeals, December 3, 1901.**

1. **Fee: PRACTICE, TRIAL: APPEAL.** Neglect to pay the filing fee required in St. Louis by Revised Statutes 1899, page 2563, section 17, on appeal to the circuit court from a justice's judgment, is a failure to prosecute the appeal.

2. **Judgment: DEFAULT: DISCRETION: PRACTICE, TRIAL.** The power to set aside an affirmance of a justice's judgment, as well as the power to vacate other judgments based on some default of the adverse party, rests in the sound discretion of the trial court.

3. ———: **JUDICIAL DISCRETION: REVIEW.** Judicial discretion does not import mere whim or caprice. It is not an unlimited power, and is subject to review.

4. ———: **MISTAKE: DISCRETION.** Mistakes of attorneys or their clerks may sometimes be held excusable and to warrant the exercise of discretion in vacating judgments resulting therefrom.

5. ———: **DISCRETION: PRACTICE, TRIAL.** It is not necessarily an abuse of discretion for the trial court to open up a judgment without a full showing of facts constituting the meritorious defense alleged by the party applying for such an order.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Alphonso Howe* and *Jeptha D. Howe* for appellant.

Cabanne v. Macadaras.

(1) The law requires the defendants to prosecute their appeal from a justice of peace without delay, and paying this filing fee and filing the case in court, without delay, is imperative.    The penalties for failure to so do is the affirmance of the judgment.    If, as in this case, the defendants have neglected to comply with the law, unless they furnish a sufficient legal excuse, by which is evidently meant such an excuse as the law recognizes as a justification for the omission of the act, they are not entitled to the relief asked.    This court has held that the circuit court has power to set aside the affirmance, etc., "If the appellant shows sufficient excuse for the non-payment of that fee.    Vastine v. Baily, 46 Mo. App. 413; Johnson v. Railway, 48 Mo. App. 630.    (2) The Supreme Court has held that the facts constituting a defense to a motion to affirm a judgment in the circuit court on appeal from a justice of the peace, must be set out; it is not sufficient for defendant to show by the affidavit of his counsel, that in the opinion of the latter, the defense is a good one.    Pry v. Railway, 73 Mo. 123. (3) By discretion when applied to a court of justice is meant sound discretion guided by law.    It must be governed by rule. not by humor.    Lord Coke defines it as "a science or understanding to discern between falsity and truth, between wrong and right, between shadows and substance, between equity and colorable glosses and pretenses, and not to do according to their wills and private affections."    5 Am. and Eng. Ency. of Law, pp. 681, 682.

*Crigler & Leahy* for respondents.

(1) "The order granting a new trial is presumed to be correct."    Hopper v. Southern Hotel Co., 142 Mo. 378.    (2) "A party can not on appeal, secure a reversal for an error which was not prejudicial to his substantial rights on the merits."    Hall v. Goodnight, 138 Mo. 576.    (3) "The judgment of the lower court will not be reversed simply because the

appellate court might differ from the conclusions of the lower court." Miller v. Kump, 61 Mo. 340. (4) "A motion to re-docket a cause dismissed for failure to prosecute is addressed to the sound discretion of the court, and the appellate court will not interfere, unless such discretion is shown to have been manifestly abused." Crane Co. v. Hawley, 54 Mo. App. 603. (5) "Unless the error committed in granting a new trial materially affected the merits of the case, even admitting that the court erred, then the appellant can not succeed in this appeal." Bindbeutal v. Railroad, 43 Mo. App. 463. (6) Setting aside a judgment, affirming the judgment of the justice, because the appellant failed to pay filing fee, is a matter peculiarly within the discretion of the trial court, and the appellate court ought not to interfere, except in cases of manifest abuse." Wiltshire v. Triplett, 71 Mo. App. 332; Garesche v. Hill, 76 Mo. App. 659.

BARCLAY, J.—This appeal is from an order setting aside a circuit judgment which affirmed an earlier judgment by a justice of the peace in favor of plaintiff on an account for $51.60.

The affirmance of the justice's judgment occurred June 10, 1901, on plaintiff's motion, because of the omission of defendants to pay seasonably the required filing fee in the circuit court of the city of St. Louis (R. S. 1899, p. 2536, sec. 17). Such an omission constitutes a failure to prosecute the appeal, as has been decided repeatedly. Hardison v. Steamboat, 13 Mo. 226; Donzelot v. Tillotson, 8 Mo. App. 565; Davis v. Miller, 35 Mo. App. 253.

Within three days after the judgment of affirmance, at the same term of court, defendants filed a motion to set it aside, assigning as grounds certain facts which will be mentioned more particularly further on. The trial court, after hearing evidence upon the motion, sustained it and ordered the affirmance to be vacated, upon payment by defendants of the re-

quired filing fee and all the costs in the circuit court. Those terms were fulfilled by defendants. Then plaintiff took this appeal from said ruling, after an unsuccessful motion to set aside the order in question.

The facts developed on the hearing of the motion to set aside the affirmance tended to prove that the attorney who tried the case for defendants before the justice turned it over to another attorney to manage on the appeal, because the former was a witness in the cause. The attorney thus engaged for the circuit court was informed that the filing fee on appeal had been paid, and that he had only to serve notice of appeal in order to perfect it. The first attorney for defendants had paid the fee for the transcript to the circuit court, and was under the impression that he had also paid the filing fee, but in this he admitted he was mistaken.

An affidavit of merits in the defense was also submitted to the circuit court, although the facts constituting the defense were not recited.

On the foregoing testimony the trial court set aside the affirmance on terms, as already stated. The showing on the part of defendants to excuse the omission to pay promptly the filing fee was regarded by the learned trial judge as sufficient. We are asked to decide that in so ruling he exceeded the bounds of the discretion vested in him by law.

. It is settled law in Missouri that the power to set aside a judgment of dismissal entered for failure to pay the filing fee (as in this case), rests in the sound discretion of the trial court. Vastine v. Bailey, 46 Mo. App. 413; Johnson v. Railway, 48 Mo. App. 630. In this respect such judgments are treated as of the same nature as other judgments based on some default of the adversary party. Wells v. Andrews, 133 Mo. 663; Ennis v. Hogan, 47 Mo. 513; Stout v. Lewis, 11 Mo. 438.

Judicial discretion, however, does not import liberty to indulge in mere whim or caprice. 6 Ency. Pl. and Pr., 819.

It is not an unlimited power and is subject to review; though we have no intention of attempting, at this time, to define its limitations further than our ruling on the case in judgment may imply.

In Hardison v. Steamboat, 13 Mo. 226, the only reason offered to excuse non-payment of a filing fee (on appeal from a justice) was much like that given in the appeal at bar. The trial court held the excuse insufficient, and the Supreme Court ruled that the matter was one within the sound discretion of the trial court to be determined by "the circumstances which surround it."

In reviewing orders opening defaults of various kinds it has been frequently held that some mistakes of attorneys or of their clerks, in various stages of litigation, were excusable and would warrant the exercise of discretion in favor of the party affected by such mistakes. We mention a few of many decisions so holding: Scott v. Smith, 133 Mo. 618; Cogswell v. Vanderbergh, 1 Col. & C. 214; Freeman v. Brown, 55 Cal. 465; Griel v. Vernon, 65 N. C. 76; Clark v. Lyon, 2 Hilt. 91; Stewart v. Atkins, 3 Cow. 67; Ashton v. Dashaway Assn., 33 Pac. Rep. 446; Davis v. Alexander, 27 Ga. 479.

In Jacobs v. McLean, 24 Mo. 41, the Supreme Court of Missouri, reviewing an application to open a judgment given while defendant's attorney was engaged in a trial in another courtroom, affirmed the trial court's ruling denying the application and said:

"The due administration of justice will be best promoted by leaving such things to the discretion of the court of original jurisdiction. Where those courts interfere and give relief against judgments obtained in the absence of counsel, we feel no disposition to prevent their so doing; but when a party seeks to substitute the discretion of this court for that of the court below, and to give relief under circumstances which, in the discretion of that court, do not entitle him to it, he must present a strong case."

That decision was followed in Griffin v. Veil, 56 Mo. 310, when the Supreme Court again declared:

"It would require a very strong case to require the discretion of this court to be substituted for that of the courts of first instance."

In setting aside dismissals occurring through a neglect of some required step in procedure, the omission by the trial court to require a full statement of facts disclosing the merits of the case of the moving party is not necessarily an abuse of discretion. In Scott v. Smith, 133 Mo. 618, a judgment of *non pros* was vacated where the only showing as to merits was an affidavit that "plaintiff had a just cause of action." In the case before us there is a like affidavit that the applicants have "a good defense to said action." If the trial court required no more on that point, its action can not be held on that ground alone to exhibit an arbitrary exercise of discretion.

A showing of the facts submitted to the learned circuit judge on behalf of defendants obviously satisfied him that the mistake or oversight of counsel, touching the payment of the filing fee, at the very time when it should have been paid, was excusable, in the circumstances. We find no abuse of discretion in that ruling, and accordingly affirm it. *Bland, P. J.,* and *Goode, J.,* concur.