THE STATE OF MISSOURI EX REL. L. S. KEIR-SEY, Relator, v. CHARLES V. CALVIRD, Judge of the 29th Judicial Circuit of the State of Missouri, Respondent.

Kansas City Court of Appeals, January 29, 1917.

1. **PROHIBITION, WRIT OF**: Appeals from Justice Courts. Where a court has jurisdiction of the subject-matter and the question of its jurisdiction of the persons turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error for which prohibition is not the proper remedy.

2. ———: Notice of Appeals from Justice Courts. A circuit court has jurisdiction to review an appeal from a justice court, and to determine the sufficiency of the notice of that appeal, and if a proper case for it, to hear and determine the evidence on the question of the sufficiency of the notice.

Original Proceeding in Prohibition.

WRIT DENIED.

*Smith & Chastain* for relator.

*Silver & Dawson* for respondent.

BLAND, J.,—The relator herein filed in this court a petition asking that respondent, who is Judge of the Bates Circuit Court, be prohibited from trying the cause of L. S. Keirsey, Plaintiff, vs. T. H. Lynch, Defendant, now pending in said court. The petition states that on January 6, 1916, the relator instituted a suit before one J. W. Moles, Justice of the Peace of Shawnee Township, Bates County, Missouri, against one T. H. Lynch for debt, and that such suit on January 17, 1916, resulted in a judgment in favor of the relator. On January 26, 1916, said defendant, T. H. Lynch, filed an affidavit of appeal and at the same time gave a recognizance in due form. Thereupon the Justice of the Peace granted an appeal to the circuit court of Bates County, Missouri, and transcript of the Record of said Justice in said cause was filed in the office of the circuit clerk of said circuit court.

That, plaintiff being a non-resident of the State, the defendant filed the notice of appeal with the Justice of the Peace, as provided by law. That at the second term of the circuit court, after the taking of said appeal, plaintiff appeared specially for the purpose of the motion only and filed in said court his motion to have the judgment rendered by said Justice affirmed on the ground that the notice of appeal did not comply with the Statutes and that, therefore, it was not a legal notice of appeal. That thereafter respondent, as Judge of said circuit court, overruled said motion of relator to affirm the judgment of the Justice and set the cause down for trial and threatens to, and unless this court prohibits him, will assume jurisdiction and power to hear, try and determine said appeal, de nova.

Relator further states that the so-called "notice of appeal" does not comply with the Statute in reference to notices of appeal on account of defects that are vital, and for that reason the respondent has no jurisdiction to try the cause, but that, nevertheless, he is threatening to try it. That for said reasons the relator is enti-

tled to the writ sued for, as he says he has no other adequate remedy at law or in equity.

Respondent, subsequent to the filing of said petition, appeared and waived the issuance of any writ and filed a demurrer to said petition. In said demurrer he sets up that the petition does not state sufficient facts to authorize the issuance of a writ of prohibition, for that the notice of appeal from the judgment of the Justice is sufficient and that relator has a full, adequate and complete remedy at law by appeal from the circuit court.

The notice of appeal is in the nature of a summons and it is therefore jurisdictional and unless it complies with the Statute governing such notices, the circuit court acquires no jurisdiction over the person of the appellee. [State to use v. Hammond, 92 Mo. App. 231; Comstock v. Packing Co., 171 Mo. App. 410.]

The respondent having overruled relator's motion, relator could have preserved his point of jurisdiction by saving his exceptions to the action of the court in overruling his said motion, refusing to further prosecute his suit, thereby suffering a dismissal of the same for want of prosecution, and then brought his case here by appeal (Kidder v. Wright, 72 Mo. App. 378), or he could have saved his exceptions, as aforesaid, and permitted judgment to go against him and then appealed.

The respondent had jurisdiction of the subject-matter and had full power, subject, of course, to review by appeal, to try and determine the question of the sufficiency of the notice of appeal and, if a proper case for it, he could have heard evidence on the question of the sufficiency of said notice. [Comstock v. Packing Co., supra; Calderwood v. Robertson, 112 Mo. App. 103.]

Where the court has jurisdiction of the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error for which prohibition is not the proper remedy. [32 Cyc. 605; Railroad v. Rogers, 52 W. V. 450.]

"The writ of prohibition is not like the writ of *habeas corpus*, a writ of right. It is a writ, the award of

which is to be governed by the discretion of the court applied to the facts presented by the individual case. It should never be granted against an inferior tribunal, except in cases where the usurpation of jurisdiction by that tribunal is clear." [State ex rel. v. Seay, 23 Mo. App. l. c. 629.]

Respondent herein, subject to review on appeal, had full power to determine the question as to the sufficiency of the notice of appeal; he had jurisdiction over the subject-matter and he was not attempting any usurpation of official power. The remedy by appeal being adequate, relator is not entitled to prohibition and the writ is, therefore, denied.     All concur.