STATE OF MISSOURI at the relation of L. D. RICE, et al., Relators, v. HON. EDWARD E. PORTERFIELD, Judge, etc., Respondents.

In the Kansas City Court of Appeals, June 18, 1923.

1. **PROHIBITION: Courts: Jurisdiction: In an Action Against Receivers, Appointed by Federal Court, for Damages for Personal Injuries, Held That Circuit Court Had Jurisdiction Over Subject-matter of the Action.** In an action for damages for personal injuries against receivers of a corporation, appointed as such by order of United States District Court, it is *held* in a proceeding to prohibit circuit court from trying the cause that circuit court had jurisdiction over the subject-matter of the action.

2. ———: ———: ———: **Appeal: Where Question of Jurisdiction of Person Depends upon Issue of Fact to be Determined by Court, Its Decision Thereon, if Erroneous, is an Error from Which an Appeal Will Lie, but Same Cannot be Corrected by Prohibition.** In an action for personal injuries, where defendants, receivers of a corporation, alleged in their answer that trial court had no jurisdiction over their persons, which allegations were denied by plaintiff in his reply thereto, thereby raising an issue of fact on the question of jurisdiction, whereby it became duty of trial court to try the issue and if its decision was erroneous the defendants, if they had any remedy, had the right to appeal but were not entitled to prohibit trial of cause.

3. ———: ———: ———: **Demurrer: Where Receivers Were Discharged in Federal Court During Pendency of Suit for Personal Injuries in State Court, They Cannot Claim That by Reason Thereof, in Event of Adverse Decision on Question of Jurisdiction Over Their Persons, That They Have no Adequate Remedy by Appeal.** Where receivers of a corporation, after their discharge as such

in Federal court, pending suit for personal injuries by former employee in State court, contended that they had no adequate remedy by appeal for reason receivership had ended, that there were no funds left and no one to execute an affidavit for appeal or *supersedeas* bond, *held* insufficient to justify issuing of permanent writ of prohibition, for if contention was sound the proceeding for the writ would be subject to dismissal as it is brought by relators as receivers, and it not being the financial ability of relators that determines whether there is an adequate remedy by appeal, it follows that the demurrer to petitions for the writ should be sustained and permanent writ denied.

## Original Proceeding in Prohibition.

### WRIT DENIED.

*Miller, Camack, Winger & Reeder* for relators.

*Walsh & Aylward* and *James P. Aylward* for respondents.

BLAND, J.—This is an original proceeding brought in this court seeking to prohibit the respondent Porterfield as Judge of Division Seven of the Circuit Court of Jackson County, Missouri, at Kansas City, from proceeding in the case of John O. Bose v. L. D. Rice and August D. Adam, Receivers of the Simplex Spreader Manufacturing Company. The defendants in that case are the petitioners in this case. A preliminary writ of prohibition was issued. Respondents filed a demurrer to the petition for the writ.

The facts as disclosed by the petition for the writ are as follows:

That on April 24, 1923, there was pending in the Circuit Court of Jackson County, Missouri, at Kansas City, said case of John O. Bose v. L. D. Rice and August Adam wherein plaintiff sought to recover damages for personal injuries against the defendants as receivers of said manufacturing company; that on said day the cause was assigned to the division of the court over which respondent Porterfield presided; that the pe-

tition in said case alleged that defendants were at all times mentioned in the petition, and particularly on the 14th day of January, 1922, the duly appointed, qualified and acting receivers of said manufacturing company and in the management and control of all its property of every kind and character, including the factory and other business of said company; that plaintiff Bose on said day was injured through the negligence of the agents, servants and employees of said receivers.

The petition for the writ further alleged that on April 24, 1923, when said case was called for trial by respondent Porterfield the defendants therein filed an amended answer wherein it was admitted that on the 25th day of November, 1921, they were appointed receivers for the Simplex Spreader Manufacturing Company in the case of Black v. The Manufacturing Company filed in the District Court of the United States for the Western Division of the Western District of Missouri and that they were the receivers of and acting as such for the manufacturing company on said 14th day of January, 1922; that on the 24th day of March, 1922, a petition in bankruptcy was filed in said court against the manufacturing company and thereafter on the 28th day of July, 1922, the manufacturing company was duly adjudged a bankrupt by said court, and that Joseph M. Jones was duly elected as trustee in bankruptcy and immediately qualified and assumed the duties as such; that on the 2nd day of August, 1922, the relators as receivers of the manufacturing company delivered to said Jones all the property of the manufacturing company of every kind and character in their possession and control as receivers; that on the 31st day of August, 1922, relators as such receivers filed a final report in said cause and on the 6th day of September, 1922, said final report was approved by said court and relators as such receivers were discharged; that since said 6th day of September, 1922, relators had no interest whatever in the bankrupt estate or the property or assets of the manufacturing

company and were not at the time of the filing of said amended answer or since said 6th day of September, 1922, acting in any representative capacity in connection with the property or assets of said manufacturing company; that by reason of all of said facts said Division Number Seven of said Circuit Court of Jackson County at Kansas City had no jurisdiction over the subject-matter of the action or over the persons of the relators.

The petition for the writ further alleges that upon the filing of the amended answer plaintiff Bose filed a reply consisting of a general denial. Thereupon the cause came on for hearing upon the plea to the jurisdiction contained in the amended answer. In support of this plea defendant offered evidence of the facts alleged in their amended answer. Whereupon plaintiff Bose offered in evidence the filing mark of the original petition in the cause showing that the petition was filed on the 23rd day of February, 1922; the schedule in bankruptcy which showed no claim on behalf of plaintiff Bose, and the original answers of defendants, one of which was in the nature of a general denial filed on the 11th day of September, 1922, and the other filed on May 10, 1922. Thereupon respondent Porterfield overruled the plea to the jurisdiction of the court and ordered that the trial of the cause proceed on its merits, and proceeded to impanel a jury when defendants in that cause applied to this court for this writ. It is further alleged in the petition for the writ that the remedy by appeal is wholly inadequate and that relators have no adequate remedy at law, and prays that respondent Porterfield be prohibited from proceeding further in the cause.

It is insisted by the relators that even though at the time of the institution of the original suit in the Circuit Court of Jackson County, Missouri, at Kansas City, that court had jurisdiction over the subject-matter and of the persons, at the time the cause was assigned for trial the court had completely lost jurisdiction over the parties. There is, we think, no question but that the court

had jurisdiction over the subject-matter of the cause. In fact we do not think this point to be seriously disputed by relators. There is, however, serious contention as to whether the respondent Porterfield had jurisdiction over the persons of the relators. It is stated in State ex rel. v. Calvird, 195 Mo. App. 354, 356:

"Where the court has jurisdiction of the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error for which prohibition is not the proper remedy."

It will be noted that there was a general denial filed in the Circuit Court of Jackson County, Missouri, to the amended answer of the defendants. This raised an issue of fact as to the matters alleged in the answer on the question of jurisdiction. Assuming, but not deciding, as contended by relators that the cause of action could not be maintained against them in view of the facts pleaded in the answer, which it is claimed shows no jurisdiction over the person of relators, these facts were denied by the plaintiff in the case and it became the duty of the trial court to try this issue and if his decision was erroneous the defendants therein, if they had any remedy, had the right to appeal. Prohibition is not the remedy. [State ex rel. v. Calvird, supra; Railroad Company v. Rogers, 52 W. Va. 450; 32 Cyc. 605; Works on Courts and Their Jurisdiction, pp. 634, 635; 22 R. C. L., pp. 12, 24.]

It would seem that the question of jurisdiction of the person is not involved but merely the question of law as to whether a case may proceed against receivers after their discharge as such. Relators are not contending that although they are now receivers the court has not acquired, or rather lost, jurisdiction over their persons as such, but that there are no such persons as receivers of the Simplex Spreader Manufacturing Company and that, therefore, the suit in the circuit court cannot be maintained.

But relators say they have no adequate remedy by appeal for the reason that the receivership has ended, there are no funds left and there is no one who can execute an affidavit for appeal or a *supersedeas* bond. We do not think that this contention is sound. If it were, this action would be subject to dismissal as it is brought by relators as receivers. It is not the financial ability of the relators that determines whether there is an adequate remedy by appeal but whether the right of appeal exists and that remedy is in fact adequate. Relators have applied for this writ as receivers and have found no difficulty in preserving their rights as such receivers by what they have thought to be the proper steps. We do not think that we are called upon to decide whether or not as a matter of fact relators would have the right to appeal as receivers should final judgment go against them in the circuit court. It is sufficient for us to say that if the matter involved is merely a question of jurisdiction over the person, then they would have such a right and this writ should be refused.

It is said in State ex rel. v. Seay, 23 Mo. App. 623, 629—

"The writ of prohibition is not, like the writ of *habeas corpus,* a writ of right. It is a writ, the award of which is to be governed by the discretion of the court applied to the facts presented by the individual case. It should never be granted against an inferior tribunal, except in cases where the usurpation of jurisdiction by that tribunal is clear."

It follows from what we have said that the demurrer to the petition for the writ should be sustained and the permanent writ denied, and it is so ordered. All concur.