THOMAS WEBSTER vs. McMAHAN, WILLIAMS & HARRIS.

The counsel for the defendants intending to be absent during the term to which this cause was returnable, engaged the services of another attorney to attend to his causes generally; he gave the attorney thus employed a memorandum of his cases; in this memorandum, .

the present case was marked "Webster vs. Harris & Williams." Upon examining the dock t, the substitute attorney found no such case upon it. The cause was docketed by the clerk, "Webster vs. McMahan, &c ," when the cause was called, no counsel appeared; a judgment by default was rendered. A motion was made to set aside the judgment, which was overruled. The judgment of the court below overruling the motion affirmed.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was an appeal from a justice of the peace.

When the case was called for trial, there was no counsel appeared for the appellants in the court of common pleas, and the said court affirmed the judgment below.

A motion was made for a new trial, accompanied by affidavits showing that the counsel employed had left St. Louis for Jefferson City to attend the sitting of the supreme court, but that one of them had employed P. C. Grace. E q., to attend to the case when it should be called. That said Grace, on account of the form of the entry by the clerk of the court below, made in the index to the sitting of the docket, was not able to find the case, and consequently the case was not defended.

The question is, "Was there sufficient diligence shewn to justify the setting aside the judgment of affirmance and granting a new trial?"

This is the only question in the case.

CARROLL, for plaintiff in error.

This is purely a question of diligence. The defendants below, now plaintiffs in error, are surely not chargeable with lack of diligence. They did all in their power to do. Nor is the counsel liable to a charge of lack of attention. The original attorneys employed were both absent from the city, and although this is no defence or excuse in its lf, yet it is no evidence against their conduct as to diligence, when a good and competent attorney was employed by them to attend to the case, who did do all they could have done in the case, had they been here. This attorney, so employed, diligently searched the index of cases on the clerk's desk, and could not find such a case as this there.

In the nature of things, it is impossible for attorneys to be always in one court room. There are many courts where attorneys are called by their practice, and it often happens that several of these courts are in session at the same time. The best then can be done, when an attorney is called to attend to business in more courts than one, at the same time, is to employ some competent lawyer to attend to his business for him in the court in which he cannot be present. This was done in this case.

On the docket of cases handed to Mr. Grace, this case was entered in this wise—"Webster vs. Harris & Williams." Now, on the index, the case was entered in this way— 'Webster vs. McMahan &c." Now the case was against Mc Mahan and Harris, and Williams also. But who could fairly guess that a case of Webster vs. Harris & Williams, would be docketed as a case of "Webster vs. McMahan, &c?"

The lack of care was very obviously on the part of the clerk who made up the index. That officer ought to state at least the names of the plaintiffs and defendants in his list of cases set for trial. If he does not state their baptismal names, he should certainly their family or sir-names, and all their family or sir-names, if there be more than one. Otherwise, difficulties similar to this may often occur. Suppose there be five defendants, and the name of only

Webster vs. McMahan, Williams & Harris.

one of them is given, and each defendant employs a different attorney to attend his defence, and prepare his answer—(and under our new code this may often be the case)—how likely will each, *but one*, be misled by such a form of entry?

In the case of Stout vs. C & T. Lewis, decided by this court in the 11th vol. page 438, the circumstances were not as strong as those attending this case, and yet the court reversed the decision of the nisi prius court, and ordered a new trial to be awarded.

There no attorney was present when the case was called. The counsel in the cause had voluntarily left the court room, and had provided no substitute. He had not spoken to any other attorney to represent him, or to send for him if the case should be called. The case was liable to be called at any moment, and yet he takes the responsibility upon himself of leaving the court room, and the case is called and disposed of in his absence. This court, in that case, excused his absence and ordered a new trial.

The defendant swears to a meritorious defence, and this is enough, as to that for the present.

If the case of Stout vs. C. & T. Lewis, above cited, had been before the court below, and the opinion of this court had been obtainable, I think the court of common pleas would have granted a new trial. I know he should have done so; therefore it is respectfully summitted that the judge of the court of common pleas erred in his refusal to grant a new trial.

GARDNER, for defendant in error.

The plaintiff, now defendant in error, relies upon the principle decided by this court in the following cases: Austin vs. Nelson, 11 Mo. R. 192; Field & Cathcart vs. Matson, 8 Mo. R. 686; 10 Mo. Rep. 392.

From an examination of the record it will appear that the entry of the case on the clerk's docket was the same as in the justices court, and it appears in the writ and other papers in the suit, to wit: Thomas Webster vs. George McMahan, &c.

It is manifest the e was no error committed by the clerk in docketing the case whereby the defendants could have been deceived.

The defendants show no particular merit in this case, nor diligence in any manner equal to that shown in several cases in which the judgment of the court below refusing to set aside a judgment of default has been affirmed.

The principal case relied upon by the defendants, now plaintiffs in error, is that of Stout vs. C. & T. Lewis, in 11 Mo. R. 438. But surely there is nothing in that case to justify so manifest a departure from the uniform decisions of this court, as a reversal of the judgment of the court below in this case would be.

RYLAND, Judge, delivered the opinion of the court.

From the above statement the simple question before us is the discretion of the court below. Did the court below decide properly, that there was not sufficient diligence used by the defendants below, or by their counsel in making defence upon the appeal from the justice of the peace?

What was the diligence used? It seems that the lawyers who had been employed by the defendants below, thought it more incumbent on them to attend to some cases in the supreme court, and consequently went to Jefferson city, during the term of the court of common pleas, in which this case was tried. That one of the counsel employed Mr.

Webster vs. McMahn, Williams & Harris.

Grace, an attorney at law, to attend to his cases in his absence in the court of common pleas, and in order that Mr. Grace might do so the counsel furnished him with a memorandum of the suits.

In this memorandum the present case was marked "Webster vs. Harris & Williams." Mr. Grace examined the list of cases for trial in the court of common pleas, the docket of the clerk of the court, and could find no such case. The clerk had marked the case thus, "Webster vs. McMahan, &c.," consequently Mr. Grace d'\l not defend, and the case being called and no person appearing for the defendants, who were the appellants below from the justice of the peace, the judgment of the justice was affirmed.

Motion was afterwards made to set this judgment aside; affidavits filed in support of the motion, which was overruled.

Now the record shews that the suit was brought by Webster vs. John McMahan, Oliver Harris & John F. Williams, in the court of the justice of the peace. The plaintiff obtained judgment and the defendant appealed. The clerk of common pleas enters the case on his docket, "Webster vs. McMahan, &c." The defendant's original attorney gave his memorandum of the case to Mr. Grace whom he had employed, thus, "Webster vs. Harris & Williams," and complains of the clerk not making the case on his docket in the same manner.

Now I find no fault with the clerk. It was the hurry of the attorney to reach Jefferson City that made the incorrect statement of the parties names. If he had given the names of all the persons sued below, although he might have been employed by Harris & Williams, and not by McMahan, it would have easily led Mr. Grace to the true parties. He could have found the case; if there had been the slightest examination of the papers in the case of "Webster vs. McMahan, &c.," it would have immediately been known who the "&c." represented.

I am opposed to disturbing this judgment. Parties and their counsel must use more diligence. If in this case a correct memorandum had been given to Mr. Grace, or if he had only made the slightest examin-ination of the papers in the case of Webster vs. Mahan, &c., he might have been fully informed upon this subject. I am not willing to say that there is *crassa negligentia* here, but I cannot find the due and sufficient negligence.

Let the judgment of the court of common pleas be affirmed.