M. DALTON ET AL., Respondents, v J. McCAFFERY, Appellant.

St. Louis Court of Appeals, December 8, 1885.

APPELLATE PRACTICE—DISCRETION.—The discretion of a trial court in refusing to set aside an order affirming a judgment of a justice because of the appellant's failure to pay the filing fee, will not be reviewed on appeal, unless it has been manifestly abused.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

FRANK J. DONOVAN, for the appellant.

C. A. SCHNAKE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant appealed to the circuit court from a judgment of a justice of the peace, and failed to pay the filing fee, as required by the statute relating to the St. Louis circuit court. 2 Rev. Stat. 1506, sect. 17. Thereupon the plaintiff paid the filing fee, caused the case to be docketed, and moved for an affirmance for the failure of the defendant to prosecute his appeal, which motion was allowed and the judgment affirmed. The defendant filed a motion to set aside the affirmance and reinstate the cause, offering to pay the filing fee, and offering affidavits designed to excuse his failure to pay the filing fee, as required by the statute. This motion the court overruled. From the order overruling this motion, the defendant has appealed.

It is not claimed that the court committed error in affirming the judgment. The ground on which the appeal is prosecuted, is that the court refused to exercise its discretion by setting aside the affirmance upon the

showing made by the defendant. We do not understand that it is contended that the refusal to exercise a discretion is subject to review by appeal; but the contention is that the court refused to reinstate the cause for the reason that it had no discretion so to do. We are not concerned with the reasons upon which trial courts exercise or refuse to exercise their discretion, unless where it appears that they have proceeded upon erroneous views of the law; but even this position finds no support in the record, which wholly fails to disclose the grounds on which the judge of the circuit court proceeded.

The court committed no error in affirming the judgment of the justice. *Wilson v. Ryan*, 15 Mo. App. 597; *Bailey v. Lubke*, 8 Mo. App. 57; *Hardison v. Steamboat* 13 Mo. 226. If the court committed no error in rendering the judgment, upon what ground can a reviewing court say that it committed error in refusing to set it aside?

As this case involves a question of practice which may be imported, we will say that we are of opinion that in such a case as that presented by the record, the circuit court has power, upon the payment by the appellant, of the filing fee, and the showing of a sufficient excuse for failing to pay it, as required by the statute, to set aside a judgment of affirmance, and to reinstate the cause within the term when the judgment of affirmance is rendered. But the exercise of this power addresses itself to the sound discretion of the court, and it is a settled rule of appellate procedure, that rulings which involve a mere exercise of judicial discretion, can not be reviewed on appeal, unless the discretion has been plainly abused. This rule has been frequently applied in cases where the supreme court has been asked to review the rulings of the circuit court in refusing to set aside judgments by default. *Laurent v. Mullikin*, 10 Mo. 495; *Faber v. Bruner*, 13 Mo. 541; *Weimer v. Morris*, 7 Mo. 6; *Wagemann v. Jordan*, 19 Mo. 503; *Dalton v. Mowry*, 49 Mo. 164; *Webster v. McMahan*, 13 Mo. 582; *St. Louis v. Murphy*, 24 Mo. 41.

In several of these cases there was a better showing of diligence than was made by the defendant in this case. In the case of *Tucker v. St. Louis Life Insurance Company* (63 Mo. 588), it was ruled in a case of manifest injustice against the defendant, that the court abused its discretion in refusing to set aside the default; but the reversal was also put upon another ground. We are unable to say, in a case where a plaintiff has recovered a judgment before a justice of the peace, and has been delayed in obtaining the fruits thereof, by an appeal, taken by the defendant, to the circuit court, and the defendant has not prosecuted his appeal as required by the statute, whereby the plaintiff has been put to additional trouble and expense in appearing in the circuit court, and procuring an affirmance of the justice's judgment, that the circuit court abused its discretion in refusing to set aside the affirmance upon a mere affidavit of merits, and that the defendant thought he had paid enough money to the justice to pay the filing fee, and that it was the duty of the justice to pay the fee. An affidavit of merits in such a case goes for little against the judgment of the justice who has tried the cause, and does not bring the case within the analogy of the rule applicable to defaults in the circuit court, where there has been no trial and judgment on the merits.

The order appealed from will be affirmed. All the judges concur.