Vastine v. Bailey.

JOSEPH P. VASTINE, Respondent, v. DAVID BAILEY, Appellant.

St. Louis Court of Appeals, October 27, 1891.

1. **Justices' Courts:** SETTING ASIDE AFFIRMANCE OF JUDGMENT FOR NON-PAYMENT OF FILING FEE. When the circuit court affirms the judgment of a justice of the peace for non-payment of the filing fee by the appellant, pursuant to the special statute applicable to the city of St. Louis, it has power to set aside the affirmance, and reinstate the cause during the same term, if the appellant shows sufficient excuse for the non-payment of that fee.

2. **Practice, Appellate:** REVIEW OF DISCRETIONARY RULINGS. The exercise of this power addresses itself to the sound discretion of the circuit court, and the refusal of that court to set aside its affirmance of the justice's judgment may, therefore, be reviewed and corected on appeal, when a strong case for setting aside the affirmance is presented.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Gerolt Gibson,* for appellant.

*B. F. Clark,* for respondent.

THOMPSON, J.—In this case a judgment was rendered in favor of the plaintiff, and against the defendant, by a justice, and the defendant duly took an appeal to the circuit court of the city of St. Louis, and deposited with the justice the filing fee required by the special statute relating to that court. The justice lodged the papers and his transcript with the clerk of the circuit court, but failed to pay the filing fee to the clerk. Thereupon, the plaintiff paid to the clerk the filing fee, and moved to have the judgment of the justice affirmed, which was done. The defendant then appeared and moved to have the judgment of affirmance set aside, and filed affidavits showing that he had, when the appeal was taken, deposited the filing fee with the justice, requesting him to pay it to the clerk when he should lodge the papers with the clerk; and, further, that, after this had been done, the defendant's attorney went to the justice and inquired of him whether everything had been done which was necessary to perfect the appeal, and was answered by the justice in the affirmative. This showing was not controverted, so far as the record shows, and there is no reason to doubt the truth of the affidavits. The court nevertheless refused

to set aside the judgment of affirmance, and the defendant appeals to this court.

The general statute relating to justices ( R. S., sec. 6337) imposes the duty of filing the transcript and papers in the office of the clerk of the circuit court *upon the justice*, and provides that his failure to do so shall not affect the appeal ; but the special statute relating to the circuit court of the city of St. Louis, already referred to, imposes the duty of paying the filing fee *upon the appellant*. R. S. 1889, p. 2148, sec. 17. These two statutes taken together present the incongruity, that the papers and transcript are to be returned to the clerk of the circuit court by one person, and the filing fee is to be paid by another. It is obviously more convenient and less productive of confusion to have both duties performed by one person and at the same time. The practice has, therefore, sprung up among the bar of the city of St. Louis to pay the filing fee to the justice, and for the justice to turn it over to the clerk when he lodges the papers and his transcript with the clerk ; and it is known to one of the judges of this court that such has been the practice in St. Louis for many years. All this was done by the appellant in the present case, and more ; the appellant's attorney, out of abundant caution, went to the justice and inquired of him whether everything necessary to be done had been done, and was answered that it had. This, it may well be understood, induced in him a feeling of security, which prevented him from making a similar inquiry in the office of the clerk of the circuit court.

The circuit court committed no error in affirming the judgment in the first instance. *Dalton v. McCaffery*, 20 Mo. App. 61 ; *Wilson v. Ryan*, 15 Mo. App. 597 ; *Bailey v. Lubke*, 8 Mo. App. 57 ; *Hardison v. Steamboat*, 13 Mo. 226. But whether, on the showing which the defendant made, the court abused its discretion in refusing to set aside its judgment of affirmance, is a different question. We use the phrase

"abused its discretion" merely in the usual legal sense, and not in the harsh sense which would carry any imputation against the careful and conscientious judge who made the ruling complained of in the present case. We make this observation in view of the fact that the learned judge may have been led into the ruling by the observation of this court in its opinion in *Dalton v. McCaffery*, 20 Mo. App. at page 62, that "we are not concerned with the reasons upon which trial courts exercise, or refuse to exercise, their discretion, unless where it appears that they have proceeded upon erroneous views of the law." We think on reconsidering the question that this expression states the general rule too strongly; for, if literally true, there could be no review of discretionary action or non-action in any case. We reaffirm the view stated in the succeeding paragraph in the same opinion, that, "in such a case as that presented by the record, the circuit court has power, upon the payment by the appellant of the filing fee, and the showing of a sufficient excuse for failing to pay it, as required by the statute, to set aside a judgment of affirmance, and to reinstate the cause within the term, when the judgment of affirmance is rendered. But the exercise of this power addresses itself to the sound discretion of the court, and it is a settled rule of appellate procedure, that rulings which involve a mere exercise of judicial discretion cannot be reviewed on appeal, unless the discretion has been plainly abused." We add that, in our opinion, where a case calls strongly for an affirmative exercise of the court's discretion in a given instance, a refusal of the court to exercise it is a subject of appellate review, equally with an affirmative abusive exercise of discretion.

Such, in our judgment, was the present case. The appellant did all that is usually done in such cases to prosecute his appeal so as to have a retrial in the circuit court upon the merits. His attorney went further and ascertained, upon inquiry of the justice,

that all this had been done.  All this is shown by affidavits which are not controverted, and which there is no reason to doubt.  Then, if this ruling is to stand, because of the mere inadvertence of the justice in failing to pay over the filing fee to the clerk, the appellant is, notwithstanding the showing of these facts, and his additional affidavit of merits, to be deprived of the benefit of his appeal.  This case is distinguishable on its facts from *Dalton v. McCaffery, supra*, in this, that in that case no diligence whatever was shown; there was only an affidavit of merits.

We take the view that, upon appellant repaying to the respondent the filing fee which the respondent paid to the clerk of the circuit court when he made his motion to affirm the judgment, and paying to the clerk the costs caused by the affirmance and reinstatement, the circuit court should set aside its judgment of affirmance and reinstate the cause upon its docket; and the judgment is reversed, and the cause remanded with this direction.  All the judges concur.