Scott v. Smith.

## SCOTT v. SMITH, *Appellant.*

### Division One, March 24, 1896.

1. **Judgment, Power of Court to Set Aside**: DISCRETION: APPELLATE PRACTICE. Trial courts possessing general jurisdiction and proceeding according to the course of the common law have, in the absence of statutory limitation, control over their judgments during the term at which they are rendered and power to vacate them at their discretion, and their action in such cases will not be interfered with by the appellate courts unless arbitrarily and oppressively exercised.

2. ———: ———: PRACTICE: FAILURE TO FILE REPLY. Where no reply was filed to defendant's general plea of contributory negligence in an action for personal injuries, and plaintiff failed to appear either in person or by attorney on the day of trial, the trial court properly vacated a judgment against him for failure to prosecute his suit, upon a showing that his attorney who resided in another county did not know that the cause had been set for trial, supposed he would be notified as in other cases, and was unable to make inquiry owing to the dangerous illness of his wife, and had expected to file a reply at the time of going to trial, as allowed by the practice in his own circuit, and, as appeared, was permitted in the court in which the cause was pending.

5. ———: PRACTICE: NEGLIGENCE: PLEA OF CONTRIBUTORY NEGLIGENCE: REPLY. Where the petition stated a meritorious cause of action for damages for personal injuries and the answer contained only a general charge of contributory negligence without setting out the specific acts of negligence relied upon as a defense, and judgment against plaintiff for failure to file a reply and prosecute his suit was properly

vacated on showing of sufficient cause, he was not required to set out in his reply the facts relied upon to defeat the plea, but a general denial was sufficient and could be filed at any time before commencement of trial.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) Plaintiff's motion for a new trial is not provided for by statute, but it is made under the common law rule that trial courts have power to vacate their judgments during the trial term. *Todd v. Railway*, 33 Mo. App. 114; *Nelson v. Ghiselin*, 17 Mo. App. 665; *Williams v. Court*, 5 Mo. 252; 1 Black on Judgts., sec. 297. (2) It is therefore equitable relief, not relief at law, which is sought. Whether under the statute or common law, equity requires that merits in the case and diligence of party claiming relief be shown before it will interfere. Neither is shown here. *Hunt v. Smith*, 15 Ala. 807; *Williams v. Court*, 5 Mo. 248; *Kirby v. Chadwell*, 10 Mo. 392; *Biebinger v. Taylor*, 64 Mo. 63; *Campbell v. Garton*, 29 Mo. 343; *Gehrke v. Jod*, 59 Mo. 52; *Austin v. Nelson*, 11 Mo. 193; *Harber v. Railroad*, 32 Mo. 426. (3) The appellate court will review the facts where the evidence is contradictory, to the extent of ascertaining that the decision of the trial court was not an abuse of its discretion. *Carr v. Dawes*, 46 Mo. App. 351; *Pry v. Railroad*, 73 Mo. 124. (4) Where the facts are undisputed the appellate court will review the facts and record and not defer to the discretion of the trial court. Such is the case here. *Henry v. Bell*, 75 Mo. 194; *Waddell v. Williams*, 50 Mo. 216; *Knapp, Stout & Co. v. Standley*,

45 Mo. App. 264. (5) The court's discretion must be exercised with a due regard to established law and legal precedent. 1 Black on Judgments, sec. 354, and cases there cited. (6) A motion for a new trial will not be sustained on grounds not alleged in the motion. *Albert v. Seiler*, 31 Mo. App. 254; *Putnam v. Railroad*, 22 Mo. App. 589; *Alexander v. Railroad*, 54 Mo. App. 70.

*Geo. B. Strother* for respondent.

(1) The appellate court sometimes reviews and reverses the action of the circuit court in overruling motions for new trial where the lower court has acted arbitrarily or oppressively or a mistake was made: "For the opposite party to insist upon an advantage gained in this manner would nearly amount to a fraud upon his adversary." *Spaulding v. Myers*, 40 Mo. 176. In *Rothman v. Schmucker*, 94 Mo. 139, the court says: "That a court of general jurisdiction, proceeding according to the course of the common law, has unlimited power, during the whole of the term, over its judgments rendered at such term, is a rule of universal application." Freeman on Judgments, section 90. "Until the end of the term its judgments are in the breast of the court, and may be modified, vacated, or set aside as justice demands, becoming absolute only upon the adjournment of the court for that term." *Bell v. Clark*, 30 Mo. App. 224; *Freeman v. Plummer*, 30 Mo. App. 25; *Nelson v Ghiselin*, 17 Mo. App. 665; *Carr v. Dawes*, 46 Mo. App. 598. (2) Where the lower court sets aside its own judgment the appellate court will never interfere. *Stout v. Lewis*, 11 Mo. 439. (3) It has been held that severe sickness in an attorney's family is sufficient excuse to set aside a judgment rendered in his absence, and to hold other-

wise would be cause for reversal. This is consonant with reason, justice, and our idea of humanity. *Judah v. Hogan*, 67 Mo. 252; *Martin v. Tobacco Co.*, 53 Mo. App. 655. (4) It would certainly have been hard and very oppressive had the court refused to set aside the judgment rendered when a brother attorney was absent on account of his wife being at the point of death. On a similar state of facts it has been held that the lower court did exactly right in setting aside its judgment. The court said: "The affidavits filed with the motion, while failing to show due diligence, show an excuse for its want which as men we are bound to recognize." *Martin v. Tobacco Co.*, 53 Mo. App. 658; *Judah v. Hogan*, 67 Mo. 252.

MACFARLANE, J.—This suit is for $5,000 damages for bodily injuries caused by the alleged negligence of defendant. The answer, in addition to a general denial, set up contributory negligence on the part of plaintiff as an affirmative defense. To this plea no reply was filed. The case was set for trial September 30, 1893. Plaintiff failed to appear either in person or by attorney. When the case was called for hearing defendant was ready for trial. No reply having been filed to the plea of contributory negligence, final judgment for failure to prosecute was rendered against plaintiff.

On the fifth of October thereafter, and during the same term of court, plaintiff filed a motion, verified by the affidavit of his attorney, to set aside and vacate the judgment for these reasons:

"*First*. Because plaintiff's attorney was unable to attend court on the day case was set for trial, on account of sickness in his family, said attorney's wife being confined by birth of child; that on said date of

trial said attorney had three physicians to see his wife on account of his wife's critical condition.

"*Second.* That plaintiff's attorney was mistaken as to the day of trial, he had no notice that said cause would be tried on that date, as it was a jury case, and said attorney understood rules of court to be such that jury cases would not be called for trial on Saturday; he being a nonresident of this county was not very familiar with this court's rules and by reason of the sickness aforesaid was unable to inquire about same; that same was a surprise to plaintiff's attorney. Plaintiff had a just cause of action."

Upon hearing of the motion Mr. Strother, the attorney of plaintiff, testified that he had sole charge of the case, and, from the twenty-seventh until after the thirtieth of September, his wife was seriously and dangerously ill from childbirth, so much so as to require his constant attention upon her and prevented him from thinking of or attending to business of any kind. That he did not know the case had been set down for trial, supposing he would be notified thereof by the clerk as he had been in other cases and not being able to make inquiries for the reasons above stated. Counsel lived in another county and expected to file a reply when he went to trial as was the practice in his own circuit. The court stated that the same practice was allowed in his court.

The court sustained the motion, vacated the judgment and reinstated the case, and defendant appealed.

I.    In the absence of a statutory limitation, a trial court possessing general jurisdiction and proceeding according to the course of the common law has control of its judgments of the character of this one during the term at which they are rendered, and power to vacate them in its discretion. *Williams v. Circuit Court,* 5 Mo. 249; *Rottmann v. Schmucker,* 94 Mo. 143;

*Nelson v. Ghiselin*, 17 Mo. App. 665.   While the dis-
cretion is judicial, yet it should not be interfered with
by appellate courts unless arbitrarily and oppressively
exercised.

It was said by Judge SCOTT in *Stout v. Lewis*, 11
Mo. 439:

"This court has repeatedly held parties to suits to
the negligence of their counsel or attorneys.   If parties
were not responsible for agents voluntarily chosen by
themselves, it would scarcely be possible to get along
with the business of courts.   A door would be opened
to collusion between a party and his attorney, which
would place the opposite party entirely at their discre-
tion.   When the courts act affirmatively and grant
relief against the act, omission, or neglect, this court
will not interfere.   Such relief operates merely as a
delay at most, and that delay may as well be borne in
the court below as in coming to this court for redress.
The case is different when the court below refuses to
interfere.   There the party is remediless, and cases
may arise where this court will interpose.  This is never
done, however, without great reluctance, as it is obvious
that, in matters of this kind, the court possessing origi-
nal jurisdiction enjoys advantages for determining them
far superior to those enjoyed by this court.   Anyone
the least conversant with the administration of justice
in courts of original jurisdiction, must be aware of
this.   These motions are addressed to the sound dis-
cretion of those courts, to be liberally exercised in
furtherance of justice.   A wise judge has said, that it
is not alone sufficient that justice be administered, but
it must be administered in a manner satisfactory to
suitors.   An indiscriminate interference by this court
with matters of pure discretion in the courts below,
would, in the end, be productive of more injustice than
a refusal to interfere in any case.   In the review justice

might sometimes be done, but in the most of them it would be little more than groping in the dark, in which the court could not satisfy itself whether it was doing right or wrong."

We do not think the court acted arbitrarily in vacating the judgment in this case. Indeed, we are of the opinion that the court, in the circumstances shown, could not have acted otherwise without disregarding the common instincts of humanity.

II. But it is said that the affidavits filed in support of the motion showed no merit in the cause of action. The judgment was not one strictly by default. Plaintiff's cause of action was stated in his petition, and it appeared therefrom to be meritorious. It is true no reply had been filed but the practice permitted one to be filed at any time before the trial commenced. The plea of contributory negligence contained only a general charge of negligence on the part of plaintiff without setting out the specific negligent acts relied upon to defeat a recovery. Plaintiff could only have learned on the trial what facts he had to meet on that question. In the circumstances, it would have been unreasonable to require plaintiff to show, as a condition for relief, the facts on which he would rely to rebut or defeat the plea. The answer, general as it is, could properly be met by a general denial.

Finding no error in the action of the circuit court, its judgment is affirmed. All the judges of this division concur.