WILLIAM A. GARESCHE, Respondent, v. FRANK HILL,
Appellant.

St. Louis Court of Appeals, November 15, 1898.

1. Practice, Appellate: DISCRETION. The discretion of a trial court
in refusing to set aside an order affirming a judgment of a justice of
the peace because of the appellant's failure to pay the filing fee, will
not be reviewed on appeal, unless it has been manifestly abused.

2. Negligence of Attorney: AFFIDAVIT: PRACTICE, APPELLATE. In
the case at bar the facts stated in the affidavit of appellant and his
attorney in support of the motion to set aside the judgment, furnish
no valid excuse for nonpayment of the filing fee,—in fact they make
a clear case of negligence in that regard on the part of appellant.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

M. W. HUFF for respondent.

Appellant's failure to pay the filing fee in time pre-
scribed by law, entitled respondent to an affirmance of
the judgment. Martin v. White, 11 Mo. 214; Hardi-
son v. Steamboat, 13 Mo. 226; Starr v. Stewart, 18 Mo.
410; Milligan v. Dunn, 19 Mo. 643; Westphaling v.
Enright, 60 Mo. 279; Hollomad v. Railroad, 92 Mo.
284; Donzelot v. Tillottson, 8 Mo. App. 565; Wilson
v. Ryan, 15 Mo, App. 597; Dalton v. McCaffery, 20
Mo. App. 61; Davis v. Miller, 35 Mo. App. 253; Rosen-
thal v. Rubinstein, No. 6935 St. L. Ct. of Appeals.
Neglect on the part of appellant's attorney is no excuse.
Hardison v. Steamboat, 13 Mo. 226; Donzelot v. Til-
lottson, 8 Mo. App. 565. The reasons given by appel-
lant for not paying the filing fee in time are fully set

out in the record; the most that can be made out of them is that the attorney neglected to attend to the matter when he should have done so.    This furnishes no excuse, and the case should be affirmed, which I ask be done, with statutory damages of ten per cent on the ground that this is a frivolous appeal.

HENRY S. SHAW for appellant.

The court had the power and discretion to set aside its judgment and this case is one in which such discretion ought to have been exercised.    Dalton v. McCaffrey, 20 Mo. App. 61; Tucker v. St. Louis Life Insurance, 63 Mo. 588; Vastine v. Bailey, 46 Mo. App. 413; Johnson v. Railroad, 48 Mo. App. 630.    The appellate court will interfere to correct an abuse or discretion in the lower court.    Dalton v. McCaffrey, 20 Mo. App. 61; Tucker v. St. Louis Life Insurance, 63 Mo. 598; Vastine v. Bailey, 46 Mo. App. 413; Johnson v. Railroad, 48 Mo. App. 631.

BLAND, P. J.—From a judgment of a justice of the peace the defendant appealed to the circuit court, city of St. Louis; he failed to pay the filing fee, as required by the statute relating to the St. Louis circuit court. 2 R. S. 1889, p. 2148, sec. 17; thereupon the plaintiff paid the filing fee, caused the case to be docketed, and moved for an affirmance of the judgment for failure of the defendant to prosecute his appeal; this motion was sustained, and the judgment of the justice was affirmed; defendant filed a motion to set aside the judgment of affirmance and to reinstate the cause, offering to pay the filing fee.    In support of his motion he filed the affidavit of himself and his attorney; counter affidavits were filed by the plaintiff and the justice who rendered

the judgment; the court overruled the motion; from this order the defendant appealed.

The ground on which the appeal is prosecuted is that the circuit court abused its discretion, in refusing to set aside the judgment of affirmance. The facts stated in the affidavit of appellant and his attorney in support of the motion to set aside the judgment, furnish no valid excuse for nonpayment of the filing fee—in fact they make a clear case of negligence in that regard on the part of the appellant. On the authority of Dalton v. McCaffery, 20 Mo. App. 61, and of the cases therein cited, the judgment is affirmed.

All concur.