MUTH REALTY COMPANY, Appellant, v. JOHN C. TIMMERBERG et al., Respondents.

St. Louis Court of Appeals, December 2, 1913.

1. **JUSTICES' COURTS:** Appeal to Circuit Court: Failure to Pay Filing Fee: Affirmance of Judgment. The failure of one appealing from a judgment of a justice of the peace to pay the requisite fee for filing the transcript in the office of the circuit clerk, within the required time, pursuant to Sec. 4158, R. S. 1909, is such a failure to prosecute the appeal as will authorize the circuit court to affirm the judgment, ·under Sec. 2273, R. S. 1909.

Realty Co. v. Timmerberg.

2. ———: ———: ———: ———. The payment of the requisite fee for filing the transcript in the office of the circuit clerk, on appeal from a judgment of a justice of the peace, as required by Sec. 4158, R. S. 1909, is not jurisdictional, and hence the question of the affirmance of the judgment for such failure depends upon the exercise of a sound discretion by the trial court, which discretion is not to be used arbitrarily or capriciously, but is to be liberally exercised in the furtherance of justice.

3. **APPELLATE PRACTICE:** Review of Discretionary Rulings: Affirmance of or Refusal to Affirm Justice's Judgment. The action of the circuit court in affirming, or refusing to affirm, a judgment of a justice of the peace, where the appellant had failed to pay the requisite fee for filing the transcript in the office of the circuit clerk, as required by Sec. 4158, R. S. 1909, is subject to review by the appellate court only when it is shown that the circuit court palpably abused its discretion or arbitrarily refused to affirmatively exercise it.

4. ———: Setting Aside Default: Review. In reviewing a ruling concerning the setting aside of a default judgment, the appellate court looks with favor upon the exercise of the lower court's discretion in favor of a trial on the merits, and is less apt to interfere when the judgment is set aside than when it is not.

5. **JUSTICES' COURTS:** Appeal to Circuit Court: Failure to Pay Filing Fee: Excuse. Where, on an appeal from a judgment of a justice of the peace, plaintiff entrusted the entire conduct of the appeal to his attorney, who failed to pay the requisite fee for filing the transcript in the office of the circuit clerk, as required by Sec. 4158, R. S. 1909, and the attorney, before the commencement of the term of the circuit court to which the appeal was returnable, was stricken with a mortal illness, *held* that the facts called strongly for an affirmative exercise of the court's discretion in favor of setting aside a judgment of affirmance rendered because of the nonpayment of said fee.

6. **APPELLATE PRACTICE:** Refusal to Set Aside Default: Review. The action of the trial court in declining to set aside a default judgment will not be reviewed, on appeal, unless appellant makes a prima-facie showing of a meritorious case.

7. ———: Refusal to Set Aside Affirmance of Justice's Judgment: Review. Where a judgment of a justice of the peace is affirmed by the circuit court, on appeal, because of appellant's failure to diligently prosecute the appeal, appellant, in order to secure a review of the refusal of the trial court to set aside the affirmance, must not only show facts sufficient to excuse his failure to prosecute the appeal, but must also make a

prima-facie showing that he has a meritorious defense or cause of action; and it is not sufficient that he merely state he has such a defense or cause of action, but· he must state the facts upon which this belief is predicated.

8. **JUDGMENTS:    Setting Aside Default:    Effect of Denying Affidavit of Merits.**  An affidavit affirmatively showing the ex· 'istence of a good defense, filed in support of a motion to set aside a judgment affirming a judgment rendered by a justice of the peace, cannot be overcome by counter-affidavits, or other· wise.

9. **APPELLATE PRACTICE:    Sustaining Trial Court: Noticing Omissions of Own Motion.**  It is the duty of the appellate court to affirm a judgment, if there is any ground upon which the action of the court below may be properly sustained; and where the appellant has omitted to do something he should have done, as a result of which omission the action of the lower court may be sustained, its action will be sustained, not-withstanding no point on appellant's omission is made in respondent's brief.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*Robert W. Hall* for appellant.

(1)    The general rule is that where the application to set aside a judgment by default discloses a good defense on the merits and a reasonable excuse for delay is shown and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on its merits, and an appellate court is less apt to interfere when the judgment was set aside than when it was not.    Parks v. Coyne, 156 Mo. App. 379; Hall v. McConey, 152 Mo. App. 1.    (2)    The trial court is invested with large discretion in determining a motion to set aside a default, especially ,in granting such motion.    Miller v. Crawford, 140 Mo. App. 711.    (3)    A trial judge should exercise his sound discretion in sustaining a motion to set aside a judgment by default.    Harkness v. Jarvis, 182 Mo. 231; Knupp v. Miller, 133 Mo. App. 256.

*A. E. L. Gardner* and *Robert C. Powell* for respondents.

(1) The judgment of the justice of the peace was properly affirmed by the circuit court. Holloman v. Railway, 92 Mo. 286; Hardison v. Steamboat, 13 Mo. 226; Young v. School District, 119 Mo. App. 108; Rosenthal v. Rubenstein, 72 Mo. App. 536; Davis v. Miller, 35 Mo. App. 253; Dalton v. McCaffery, 20 Mo. App. 61; Wilson v. Ryan, 15 Mo. App. 597; Donzelot v. Tillotson, 8 Mo. App. 565; Secs. 2273, 4158, 7581, R. S. 1909. (2) The justice's judgment having been properly affirmed, the circuit court, within its discretion, after a full hearing, properly overruled the motion to set aside such affirmance, unless it can be shown that the trial judge abused such discretion—and no such charge is here made or insinuated. Cases above cited.

ALLEN, J.—This action was begun before a justice of the peace, and is to recover the sum of $213.50 for certain personal property alleged to have been sold by plaintiff to the defendants. One defendant filed a counterclaim. The justice found for plaintiff on its cause of action and against it on the counterclaim, entering judgment for plaintiff against both defendants in the sum of $130, assessing all of the costs against the plaintiff. From this judgment the plaintiff appealed to the circuit court, its appeal being returnable to the October term, 1911, thereof. Plaintiff, however, failed to pay the filing fee for filing the transcript in the office of the clerk of the circuit court, and on October 4, 1911, the second day of said term, the defendants paid the same; and at the instance of defendants the court, on the same day, entered a judgment affirming that of the justice of the peace. Three days later, counsel who now represents plaintiff entered his appearance for plaintiff and on behalf of the latter filed

178 Mo. App. 42

a motion to set aside this judgment, upon the ground of alleged sickness of the attorney who had represented plaintiff in the justice court and who was in charge of the case on appeal until after the entry of judgment in the circuit court. This motion was overruled, and the plaintiff appeals.

It appears that plaintiff's attorney was seriously ill at the beginning of the October term, 1911, of the circuit court. The appeal to the latter court was taken on August 12, 1911, the transcript of the proceedings before the justice being filed in the office of the clerk of the circuit court on August 14, 1911. The clerk of the justice of the peace testified that plaintiff's said attorney was in the justice court attending to some other business as late as September 27, 1911. But the witness stated that the attorney was very sick at the time; that "right after that time" he became confined to his bed; and that he later died of said illness.

Section 7568, Revised Statutes 1909, provides that in an appeal from the judgment of the justice of the peace, the appellant, or some person for him, shall enter into a recognizance conditioned that the appellant will prosecute his appeal with due diligence. And section 2273, Revised Statutes 1909, provides that where an appeal from the judgment of a justice of the peace "shall not be prosecuted by the appellant according to law, the judgment shall be affirmed and the costs adjudged accordingly."

It is well settled that a failure to pay the requisite filing fee for filing the transcript in the office of the clerk of the circuit court, within the required time, is such a failure to prosecute the appeal as will authorize the circuit court to affirm the judgment. The cases are numerous to this effect, but see Young v. School District, 119 Mo. App. 108, 95 S. W. 947; World Publishing Co. v. Grain Co., 108 Mo. App. 479, 83 S. W. 781; Cabanne v. Macadaras, 91 Mo. App. 70; Johnson

v. Railway, 48 Mo. App. 630; Vastine v. Bailey, 46 Mo. App. 413.

But it is also well settled that payment of the filing fee is not jurisdictional, and that it is not the imperative duty of the circuit court to affirm a judgment of a justice of the peace for failure to pay the same. On the contrary, it is held that the exercise of such power is one which addresses itself to the sound discretion of the court. And the action of the latter in the premises, as in the case of any other matter resting in the discretion of the court, is subject to review only when it is made to appear that such discretion has been palpably abused, or as has been said, when the court arbitrarily refuses to affirmatively exercise its discretion. [See Cabanne v. Macadaras, Johnson v. Railway Co., and Vastine v. Bailey, supra.]

In such cases the circuit court's discretion is not an arbitrary or capricious one, but a sound judicial discretion which should be liberally exercised in the furtherance of justice. Where there appears to have been an abuse of such discretion, it is the duty of the appellate court to interfere. And in Vastine v. Bailey, supra, this court through THOMPSON, J., said: "In our opinion, where a case calls strongly for an affirmative exercise of the court's discretion in a given instance, a refusal of the court to exercise it is a subject of appellate review, equally with an affirmative abusive exercise of discretion."

Here, as in the case of default judgments in general, the appellate courts look with favor upon the exercise of the lower court's discretion in favor of a trial on the merits, and are less apt to interfere when the judgment is set aside than when it is not. [See Armstrong v. Elrick, 177 Mo. App. 640; Hall v. McConkey, 152 Mo. App. 1, 132 S. W. 618; Parks v. Coyne, 156 Mo. App. 379, 137 S. W. 335; Currey v. Zinc Co., 157 Mo. App. 423, 139 S. W. 212.]

In the case before us, it was made to appear that the failure of appellant to pay the filing fee was due to the serious sickness of appellant's attorney. That the latter was desperately sick at and shortly prior to the beginning of the term of the circuit court to which the appeal was returnable, by which time the filing fee should have been paid, is not controverted. And the serious character of his illness is disclosed by the fact that on October 20, 1911, when testimony was heard on appellant's motion to set aside the affirmance, it was shown that the attorney had in the meantime died.

In Scott v. Smith, 133 Mo. 618, 34 S. W. 864, the Supreme Court held that the trial court properly vacated a judgment against the appellant therein for failure to prosecute his suit, upon a showing that his attorney, who had sole charge of the case, was unable to attend to it, or to any other business, because of the serious and dangerous sickness of his wife, requiring his constant attention to her, and in this connection the court said: "We do not think the court acted arbitrarily in vacating the judgment in this case. Indeed, we are of the opinion that the court, in the circumstances shown could not have acted otherwise disregarding the common instincts of humanity." And other cases to like effect might be referred to.

In the case before us, so far as concerns the showing made to excuse plaintiff's failure to pay the filing fee, the precepts of natural justice alone would appear to afford a sufficient ground for the exercise of the court's discretion in favor of setting aside the affirmance of the judgment and giving an opportunity for a trial upon the merits. It seems that appellant relied upon his counsel in the matter of perfecting the appeal from the justice of the peace, and that such counsel, who became sick and shortly thereafter died, had complete charge of the case. It is true that the transcript was lodged in the clerk's office on August 14, but it does not appear that plaintiff or its counsel was advised

thereof. It is also true that there was testimony to the effect that appellant's said counsel was attending to some business in the latter part of September of that year, but it appears that he was then very sick and became at once confined to his bed, and that at and shortly prior to the time when plaintiff became in default respecting the payment of the filing fee, he was too ill to attend to business of any kind. Hence, so far as concerns this phase of the case, such showing, we think, called strongly for an affirmative exercise of the court's discretion in favor of setting aside its former judgment of affirmance. Such was the view taken by this court in Vastine v. Bailey, supra, in a case of this character, where the facts relied upon to excuse the failure to pay the filing fee were, to our minds, not as strong as those here appearing.

But there appears to be a reason why the appellant cannot invoke the judgment of this court upon the ground that the trial court abused its discretion, or arbitrarily refused to affirmatively exercise its discretion in the premises. In such cases, in general, the rule is well settled that the appellate court will not interfere with the action of the trial court in refusing to set aside a judgment, as by default, unless it appears that the appellant made below at least a prima-facie showing that he had a meritorious case. Such is the provision of our statute respecting the vacating of a final judgment by default, providing that the defendant must set forth the facts constituting the defense which he has to the action; and this indeed is the general rule of decision prevailing with respect to vacating default judgments generally.

The judgment before us is not technically one by default, but is a judgment affirming that of the justice of the peace in accordance with the statutory provision therefor, as for a failure to prosecute the appeal. But that, in seeking to set aside such a judgment, the applicant must show not only facts sufficient to excuse his

failure to prosecute the appeal, but must also make a prima-facie showing that he has a meritorious defense or cause of action, has been expressly decided by this court. It has been so assumed in Cabanne v. Macadaras and Vastine v. Bailey, supra, and other cases; but in Sigaloff v. Breweries Cos., 148 Mo. App. 452, 128 S. W. 523, it was distinctly held that the defendant there was not in a position to invoke the judgment of this court, for failure to make a showing of facts constituting a meritorious defense to the action. And, as there said, a mere affidavit that the defendant has a meritorious defense, without more, is insufficient; for it does not reveal the facts relied upon, and amounts to nothing more than the expression of an opinion touching the matter.

In the case before us, the motion to set aside the judgment, and which was verified by affidavit, contained among other things the averment that plaintiff had "a good and meritorious cause of action." This, of course, did not disclose any facts whatsoever. But aside from this it would appear that plaintiff's cause of action was not the matter then in controversy. Plaintiff recovered before the justice on its cause of action, but the amount of its recovery was reduced by the counterclaim interposed by one defendant and which was allowed by the justice. So far as concerns plaintiff's cause of action, the merits thereof would seem to be conceded by respondent's motion to affirm the judgment, and it would appear that the only matter in controversy pertained to the counterclaim. It is also true that the justice of the peace erred in taxing all costs against plaintiff, but the judgment of the circuit court on its face carries with it the costs in favor of plaintiff; so it seems that this question was then out of the case.

So far as concerns, then, plaintiff's defense to the counterclaim interposed, plaintiff occupied the position of a defendant; and in order to invoke the judgment

of this court and to convict the trial court of an abuse of discretion, or of having acted arbitrarily in the premises, it must appear that the plaintiff sufficiently disclosed to that court the facts upon which it relied in defense thereto, showing prima facie that it had a meritorious defense to the same. It is true that that issue was not one to be then tried by the court; for an affirmative showing of a good defense cannot be overcome by counter-affidavits or otherwise. [See Armstrong v. Elrick, supra.] But such prima-facie showing must be made.

In the case before us, nothing whatsoever on this score appears, beyond the general averment in the motion that plaintiff has a good and meritorious cause of action, which amounts to nothing, and which in fact does not here pertain to the matter in controversy, viz., the counterclaim. The record is barren of any showing whatsoever respecting the facts relied upon by plaintiff as a defense to the latter.

Such being true, in spite of the showing made respecting the excuse for plaintiff's failure to reasonably pay the filing fee, and which appears sufficient to invoke our interference so far as concerns that question, we are unable to say, upon the record before us, that the court below abused its discretion or acted arbitrarily in the premises. It is true that no point is here made respecting plaintiff's failure to make a showing as to the merits. However, if there is any ground upon which the action of the court below may be properly sustained it is our duty to sustain it, and hence this question is one which arises upon the record and must be considered when we are asked to reverse the judgment.

In this view, the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.