**LEVEE DISTRICT NO. 4 OF DUNKLIN COUNTY, Missouri, a corporation, Plaintiff-Appellant,**

**v.**

**Pete SMALL and Ross Small, copartners d/b/a Small Brothers Lumber Company, Defendants-Respondents.**

**No. 7380.**

Springfield Court of Appeals.

Missouri.

Aug. 11, 1955.

Langdon R. Jones, Kennett, for plaintiff-appellant.

Elbert L. Ford, Kennett, for defendants-respondents.

STONE, Judge.

In this action in ejectment, plaintiff appeals from the judgment of dismissal for failure to prosecute entered on May 24, 1954, which the court, after hearing, refused to vacate on plaintiff's timely motion. Ejectment is a possessory action [Wood v. Gregory, Mo., 155 S.W.2d 168, 170(3), 138 A.L.R. 142; Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008, 1019(17)]; and, since neither party in the instant case sought adjudication of title and the judgment was one of dismissal, title to real estate is not directly involved and appellate jurisdiction is in this court. Const. of .1945, Art. 5, Secs. 3 and 13, 2 V.A.M.S.;. Townsend v.

Lawrence, Mo., 262 S.W.2d 55; Hunter v. Hunter, 355 Mo. 599, 197 S.W.2d 299, 300(2); Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792, 794–795(5–7).

In its petition served on both defendants personally on September 27, 1950, plaintiff alleged, among other things, that it was the owner and entitled to possession of a described tract in Dunklin County, Missouri, on and through which certain of plaintiff's levees, ditches and drains had been constructed; but, that defendants unlawfully had taken possession of the described tract, had erected and were operating a sawmill thereon, and were using the ditches and drains to float logs. No pleading having been filed on their behalf at any time, both defendants were in default from and after October 28, 1950; but, for reasons hereinafter discussed, plaintiff made no effort to take judgment. By letter from the Circuit Clerk of Dunklin County dated April 16, 1954, plaintiff's attorney admittedly was notified that this was among the "old, inactive cases" which would, on May 24, 1954, "be taken up for disposition" and "dismissed for failure to prosecute unless good cause be shown." This notice having "just slipped my mind," plaintiff's attorney was in St. Louis on "an income tax matter for a client" on May 24; and, no one having spoken to the court about this case, it was, on that date, "dismissed for failure to prosecute." Plaintiff's verified motion to set aside the judgment of dismissal timely filed on June 1, 1950, was overruled after hearing on August 9, 1954.

As averred in plaintiff's motion and shown at the hearing, defendants' counsel advised his clients that they had no meritorious defense to plaintiff's action in ejectment. However, attorneys for the parties negotiated a written "Stipulation and Agreement" (hereinafter referred to as the agreement) which, under date of November 29, 1950, was executed by defendants personally and was approved by their attorney. In the agreement, defendants acknowledged that "without authority or right (they) have erected a sawmill" on lands belonging to plaintiff, admitted "that they have no right or authority to continue the location of their sawmill and sawmill operations" on plaintiff's land, and stated "that the plan for their operations * * * has been worked out for their accommodation and in order to save them * * * a rather severe financial loss." Briefly stated, "the plan" provided for relocation of defendants' sawmill off plaintiff's land and for erection, maintenance and operation at defendants' expense of an elevated tramway to convey logs across plaintiff's land to the relocated mill. It apparently was contemplated that the tramway would be operated until certain timber owned by defendants on adjacent tracts had been cut and sawed, although the agreement specifically stated that it was terminable at plaintiff's will. The agreement further provided that the instant case "shall not be dismissed at this time, but said cause shall be continued and upon failure of (defendants) to carry out their agreements * * * and to remove their sawmill and operations" from plaintiff's land, "then plaintiff shall take judgment against the defendants." If and when plaintiff "should elect to dismiss" the instant case, defendants were to pay the accrued costs.

Pending completion of defendants' timber cutting in that vicinity and removal of the tramway and all debris from plaintiff's land, the instant case had been continued from time to time. On calls of the docket, the court had been informed "that this case was in process of being settled," but unfortunately the parties had neglected to file the agreement or to call it to the court's attention prior to dismissal of the case on May 24, 1954. With its motion to set aside the judgment of dismissal, plaintiff also filed on June 1, 1954, a signed stipulation in which "both attorneys for plaintiff and attorneys for defendants request the court to set aside" the judgment of dismissal and "reinstate the case for the purpose of filing in said cause the stipulation and agreement * * *, and then having the case disposed of in accordance with the stipulation and agreement," but plaintiff's motion to set aside nevertheless was overruled.

Under Section 510.150, RSMo 1949, V.A.M.S., "a dismissal with prejudice operates as an adjudication upon the merits" and "any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Although a dismissal *without notice and opportunity to be heard* is not with prejudice, irrespective of whether the judgment of dismissal so shows [Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387, 391(4); Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 155(3); Healer v. Kansas City Public Service Co., Mo., 251 S.W.2d 66, 67(1)], a dismissal is with prejudice where, as here, the requirements of due process have been satisfied by reasonable notice and an opportunity to be heard [Bindley v. Metropolitan Life Ins. Co., supra, 213 S.W.2d loc. cit. 391(6)] and the court has not specified that the dismissal is without prejudice. Hannibal v. St. Louis Public Service Co., Mo.App., 200 S.W.2d 568. See also Raze v. St. Louis Southwestern Ry. Co., 360 Mo. 222, 227 S.W.2d 687, 690. "This is so because the statute [Section 510.150] plainly and unequivocally makes it so." 12 M.L.R. 445, 452.[1] Thus, the judgment of dismissal in the instant case operates as an adjudication on the merits *in favor of defendants* who admittedly had erected their sawmill on plaintiff's land without right or authority, had defaulted in this action in ejectment, and by way of accommodation had been permitted under the agreement to make limited and temporary use of plaintiff's land.

It is clear that a trial court has inherent power to enter a judgment of dismissal after reasonable notice and an opportunity to be heard [Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1, 2(2); Limpus v. New York Life Ins. Co., Mo.App., 226 S.W.2d 97, 98(1)], and the general rule is that to set aside a judgment rendered where either a plaintiff or a defendant has failed to appear, the party seeking the new trial must show that his failure to appear was for good cause and not by reason of negligence and that he has a meritorious cause of action or defense, as the case may be. Williams v. Barr, Mo.App., 61 S.W.2d 420, 421(1). See also 27 C.J.S., Dismissal and Nonsuit, § 81, p. 270. To obtain relief, the defaulting party must do more than point the finger of blame at forgetful or neglectful counsel, for a client must suffer the consequences of his attorney's inattention or carelessness [Gehrke v. Jod, 59 Mo. 522; O'Connell v. Dockery, Mo.App., 102 S.W.2d 748, 751(11), and cases there cited], and the fact that counsel was engaged elsewhere when a case came on for hearing does not, in and of itself, require vacation of the judgment then entered. Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675, and cases there cited. Furthermore, whether a judgment of dismissal for want of prosecution entered in the absence of plaintiff's counsel should be set aside is a question addressed to the discretion of the trial court, with whose ruling an appellate court will not interfere unless there has been arbitrary or oppressive exercise or palpable abuse of that discretion. Scott v. Smith, 133 Mo. 618, 34 S.W. 864, 865(1); Muth Realty

---

1. Before our present Civil Code took effect in 1945, the word "nonsuit" in what is now Section 516.230, RSMo 1949, V.A.M.S., was said to have meant "any judgment of discontinuance or dismissal whereby the merits are left untouched" [Wetmore v. Crouch, 188 Mo. 647, 87 S.W. 954, 955; Mason v. Kansas City Belt Ry. Co., 226 Mo. 212, 125 S.W. 1128, 1130, 1131, 26 L.R.A.,N.S., 914; Anderson v. Asphalt Distributing Co., Mo., 55 S.W.2d 688, 692(2), 86 A.L.R. 1033; Turner v. Missouri-Kansas-Texas

R. Co., 346 Mo. 28, 142 S.W.2d 455, 459(8), 129 A.L.R. 829], and it was held that a judgment of dismissal for failure to prosecute was a "nonsuit" [Meddis v. Wilson, 175 Mo. 126, 74 S. W. 984, 986; Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84, 93(10); State ex rel. Union Electric Light & Power Co. v. Sevier, 339 Mo. 732, 98 S.W.2d 980, 982], so that such dismissal was without prejudice to plaintiff's right to institute a new suit within one year thereafter.

Co. v. Timmerberg, 178 Mo.App. 654, 161 S.W. 589, 591(3).

 Indiscriminate and unreasoning application of the foregoing principles might suggest at first blush affirmance of the judgment of dismissal in the instant case. But, we are mindful also that the discretion to be exercised by the trial court is " 'not a mental discretion, to be exercised ex gratia, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat, the ends of substantial justice' " [Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618, 621(6)]; that a motion, such as plaintiff's motion to set aside, is addressed to sound judicial discretion "to be liberally exercised in furtherance of justice" [Scott v. Smith, supra, 34 S.W. loc. cit. 865]; and, that the discretion of the trial court, being not unlimited, is subject to appellate review. Hall v. McConey, supra, 132 S.W. loc. cit. 622; Cabanne v. Macadaras, 91 Mo.App. 70, 73–74(3); Vastine v. Bailey, 46 Mo.App. 413, 416(2). We also note the significant rule that an appellate court is less likely to interfere when the trial court has set aside a default judgment than when it has not [Anspach v. Jansen, 229 Mo.App. 321, 78 S.W.2d 137, 139(4); Crown Drug Co. v. Raymond, Mo.App., 51 S.W.2d 215, 216(2); Muth Realty Co. v. Timmerberg, supra, 161 S.W. loc. cit. 591(4)], and the equally significant statement of rationale, to-wit, "when the judgment is set aside the case is yet open and justice will yet be done." Hartle v. Hartle, Mo.App., 184 S.W.2d 786, 788(1).

 In judicial efforts to achieve the primary purpose and attain the broad objective of all litigation, which is, simply and succinctly stated, to do justice [Hartle v. Hartle, supra, 184 S.W.2d loc. cit. 788;

Karst v. Chicago Fraternal Life Ass'n, Mo. App., 22 S.W.2d 178, 181], no principle has found more universal acceptance than that each case must rest and be ruled upon its own particular facts.[2] This is equally true in considering whether a case should have been dismissed for want of prosecution [27 C.J.S., Dismissal and Nonsuit, § 65b, pp. 233, 235–236; Id., § 65c(1), p. 238; 17 Am.Jur., Dismissal and Discontinuance, Section 57, p. 88] and in determining whether a default judgment should have been set aside. Crown Drug Co. v. Raymond, supra, 51 S.W.2d loc. cit. 216; Karst v. Chicago Fraternal Life Ass'n, supra, 22 S.W.2d loc. cit. 181. As was well stated in Parks v. Coyne, 156 Mo.App. 379, 137 S.W. 335, 339(3), "these cases, involving the wisdom of trial judges in the exercise of the discretion vested in them by law, are in the nature of things to be considered one at a time, and not as an integral branch of our system of jurisprudence, where we can evolve certain rules of conduct that will fit any certain number or character of cases." See also Perkins v. Travis, Mo.App., 194 S.W. 730, 731.

It is plain that the trial court committed no error in dismissing the instant case, but whether, on the showing subsequently made, the judgment of dismissal should have been set aside is an entirely different question. Vastine v. Bailey, supra, 46 Mo.App. loc. cit. 415. Although courts are, no doubt, frequently vexed by the seeming indifference, inattention and carelessness of counsel, it is well for judges to keep in mind that they too were once practicing attorneys [Cannon v. Nikles, 235 Mo.App. 1094, 151 S.W.2d 472, 475], and we are not inclined to be less ready and willing than defendants' counsel to recognize that the practical problems encountered by a busy lawyer are manifold and varied, impose

2. For examples in other categories of cases, see Meyer v. Schaub, Mo., 266 S.W.2d 620, 622(1); Ulrich v. Zimmerman, 349 Mo. 772, 163 S.W.2d 567, 574; Harrison v. St. Louis-San Francisco Ry. Co., 339 Mo. 821, 99 S.W.2d 841, 850 (13); Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675, 679(13); State ex rel. State Highway Commission v. Williams, Mo.App., 263 S.W.2d 444, 447 (2); McCormack v. Gerold, Mo.App., 253 S.W.2d 196, 200(2); Spears v. Schantz, Mo.App., 246 S.W.2d 399, 406 (4); Boehme v. Boehme, Mo.App., 72 S.W.2d 115.

heavy demands upon his time, mind and memory, and keep him under constant and unrelenting pressure, stress and strain. We would not be misunderstood as entertaining any views "'which will permit a party to trifle with the rules of practice of the court'" [Parks v. Coyne, supra, 137 S.W. loc. cit. 340; Hall v. McConey, supra, 132 S.W. loc. cit. 621] or as discouraging dismissal of *inactive* cases for want of prosecution unless good cause for further continuance be shown. But, desirable as it is that courts should keep their dockets current, it is of greater importance that their work should be done with care and discernment and that they should be ever diligent and zealous in their unremitting efforts to attain the ends of justice.

 If we are to do more than render mere hypocritical lip service to the basic idea that our primary duty is to litigants rather than to counsel who represent them [Ambrose v. M. F. A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 650; Songer v. Brittain, Mo.App., 272 S.W.2d 16, 18] and to the overriding policy of the law that the end of all litigation is to do justice, we cannot escape the conclusion that, upon the particular facts of the instant case (to which our ruling is limited), the judgment of dismissal should be set aside and the parties should be permitted to dispose of the case forthwith in accordance with the agreement, which will involve no contested hearing and will impose no burden on the trial court. Since a judgment entered by reason of the default of a party may be set aside upon such conditions as are equitable and just [Huffman v. Meriwether, Mo.App., 201 S.W.2d 469, 474(8, 9); Crown Drug Co. v. Raymond, supra, 51 S.W.2d loc. cit. 216–217(4); Parks v. Coyne, supra, 137 S.W. loc. cit. 341; Hall v. McConey, supra, 132 S.W. loc. cit. 623(7)], and since defendants in the instant case, at all times agreeing that the judgment of dismissal might be set aside, obviously should not be penalized for the trial court's refusal to do so, it is the order and judgment of this court that the judgment of dismissal for failure to prosecute entered on May 24, 1954, be set aside upon condition that all

costs from that date to and including the filing of our mandate in the circuit court be taxed against and paid by plaintiff, and that the cause be reversed and remanded for prompt disposition in accordance with the agreement.

McDOWELL, P. J., and RUARK, J., concur.